711 So.2d 175 (1998)
Uriah F. FUENTES, Appellant,
v.
STATE of Florida, Appellee.
No. 98-01296.
District Court of Appeal of Florida, Second District.
May 13, 1998.
PER CURIAM.
Uriah F. Fuentes challenges the trial court's order denying his motion to correct illegal sentence filed pursuant to Florida Rule of Criminal Procedure 3.800(a). Fuentes contends that the sentence imposed upon his conviction for a lewd and lascivious act in the presence of a child under sixteen is illegal because the combined prison and probationary terms exceed the statutory maximum for a second-degree felony. We agree and reverse and remand for resentencing within the statutory maximum.
Fuentes, in October of 1996, pleaded guilty to the offense of attempted capital sexual battery and was sentenced to fifteen *176 years in prison followed by ten years' probation. On the same day, he also pleaded guilty to a lewd and lascivious act and received a concurrent sentence of fifteen years' prison followed by ten years' probation. Fuentes filed a motion to correct an illegal sentence in which he sought to have his sentence on the lewd and lascivious act vacated and a sentence imposed that did not exceed the fifteen-year statutory maximum for a second-degree felony. The trial court denied the motion, finding that it could have imposed a thirty-year sentence on the attempted capital sexual battery, a first-degree felony, and that the sentences were to run concurrently.
A sentence in which the incarcerative portion and the probationary portion, when combined, exceed the statutory maximum is an illegal sentence. See King v. State, 681 So.2d 1136, 1140 (Fla.1996); Wiskusky v. State, 707 So.2d 1187 (Fla. 2d DCA 1998). Furthermore, a defendant cannot agree to a sentence that exceeds the statutory maximum. See Jones v. State, 664 So.2d 1116 (Fla. 4th DCA 1995).
Reversed and remanded with instructions.
BLUE, A.C.J., and GREEN and CASANUEVA, JJ., concur.