901 So.2d 275 (2005)
Kenneth ADAMS, Appellant,
v.
STATE of Florida, Appellee.
No. 5D05-320.
District Court of Appeal of Florida, Fifth District.
April 29, 2005.
*276 Kenneth L. Adams, Polk City, pro se.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Mary G. Jolley, Assistant Attorney General, Daytona Beach, for Appellee.
SHARP, W., J.
Adams appeals from a summary denial of his motion filed pursuant to rule 3.800(a), seeking to correct an illegal sentence on the ground that his sentence of 30 years incarceration, followed by 10 years probation, exceeds the statutory maximum sentence for the crime for which he was convictedattempted sexual battery on a person less than 12 years of age.[1] This crime is classified as a first degree felony punishable by up to 30 years incarceration. We reverse and remand.
The trial court's order does not demonstrate that Adams is not entitled to relief. The court refers to sentencing documents which are attached to the order, and to the Sentencing Transcript, which is also attached. At the sentencing hearing, Adams pled no contest to attempted capital battery. As the trial judge expressed it, it was a lesser included offense of the crime with which Adams had been chargedcapital sexual batterypursuant to section 794.011(2), Florida Statutes. The evidence against Adams was overwhelming, but the state agreed to allow him to plead to attempt. Because Adams was facing a life sentence, he accepted the plea bargain. The court acknowledged that was the reason Adams agreed to plead no contest.
The ambiguity in this case is that the sentencing document refers to Adams as having been sentenced pursuant to section 794.011(2), Florida Statutes, and entitles it "Attempted Sexual Battery on a Person Less than 12 years of Age." Section 794.011(2), Florida Statutes, contains an attempt offense if the sexual organs of the victim are injured. However, these facts were not alleged nor established, in this case. That attempt offense is a life felony, punishable by a "term of imprisonment for life or by imprisonment for a term of years net exceeding life imprisonment."[2] However, an attempted capital sexual battery is classified as a first degree *277 felony.[3] It is punishable at a maximum of 30 years. § 775.082(3)(b), Fla. Stat.
The state concedes that if Adams received a cumulative 40 year sentence, he is entitled to resentencing. The attached sentencing documents and transcript demonstrate Adams received a combined term of prison and probation in excess of the thirty year statutory maximum for the offense to which he pled, and for which he was sentenced. See Gonzales v. State, 816 So.2d 720, 721 (Fla. 5th DCA 2002); Fuentes v. State, 711 So.2d 175 (Fla. 2d DCA 1998). A defendant cannot by a plea agreement accept a sentence that exceeds the statutory maximum. See Gonzales at 722.
REVERSED and REMANDED for resentencing.
PETERSON and PLEUS, JJ., concur.
NOTES
[1] §§ 794.011(2), 777.04(4)(b), 775.082(3)(b), Fla. Stat.
[2] § 775.082(3)(a)3, Fla. Stat.
[3] § 777.04(4)(b), Fla. Stat.