922 So.2d 828 (2006)
George C. POPE, Appellant
v.
STATE of Mississippi, Appellee.
No. 2004-CP-01370-COA.
Court of Appeals of Mississippi.
February 21, 2006.
*829 George C. Pope, Appellant, pro se.
Office of the Attorney General by W. Glenn Watts, attorney for appellee.
Before MYERS, P.J., BARNES and ISHEE, JJ.
ISHEE, J., for the Court.
¶ 1. George C. Pope pled guilty to three counts of touching a child for lustful purposes before the Circuit Court of Harrison County. He was sentenced to serve twelve years in the custody of the Mississippi Department of Corrections (MDOC) for each of the three counts, with all sentences to run concurrently. Pope's motion for post-conviction relief was denied by the circuit court. Aggrieved by the trial court's decision, Pope appealed. Finding no error, we affirm.

FACTS
¶ 2. During April and August of 1998, Pope was indicted for four counts of touching a child for lustful purposes, pursuant to Mississippi Code Annotated § 97-5-23 (Rev.2004). Pope pled guilty before the Circuit Court of Harrison County to three counts of touching a child for lustful purposes, on February 5, 1999. Scott Weatherly, Pope's appointed counsel, assisted Pope in filling out a sworn petition to enter a guilty plea. Pope acknowledged that he was entering an open plea. He also wrote on the petition that he was being charged with three counts and that he could possibly receive zero to ten years for each count, for a total of thirty years. Pope further acknowledged that he could receive a fine of $100 to $1,000 for each count, for a total of $3,000. Finally, Pope included in the petition a description of the crimes for which he was charged. Pope described *830 touching the breast and bottom area of two children and hurting a third child by rubbing her against his body.
¶ 3. The judgment of the trial court stated that Pope filed a petition to enter a plea of guilty in which he was advised of all his legal and constitutional rights. The trial court further found that Pope knowingly and voluntarily waived his constitutional rights to a trial and that the guilty plea was freely and voluntarily made. On February 8, 1999, Pope was sentenced to twelve years in the custody of the MDOC for each count, will all three sentences to run concurrently. Pope was also ordered to register as a sex offender.
¶ 4. Pope filed a pro se motion for post-conviction relief on July 29, 2003. He claimed that his counsel's failure to investigate and to present mitigating evidence amounted to ineffective assistance of counsel. Pope also claimed that he did not knowingly, voluntarily, and intelligently enter his guilty plea.
¶ 5. The trial court determined that Pope's inability to remember pleading guilty did not make the plea involuntary. The court also concluded that Pope's allegations of ineffective assistance of counsel were "insufficiently specific to state a claim" and that they were contradicted by his sworn statement in the petition to plead guilty that he was satisfied with the advice and help his attorney gave him. Consequently, the court found no merit in Pope's claims and dismissed his motion for post-conviction relief. From that dismissal, Pope appealed. He asserts the following: (1) the guilty plea should be vacated on the grounds that an intervening decision established that Pope's conduct did not constitute a crime; (2) the memorandum of understanding between Pope and the State should be enforced; and (3) Pope was denied his constitutionally guaranteed right to effective assistance of counsel due to failure to investigate, failure to file any pre-trial, trial, or post-trial motions, and failure to present mitigating evidence.

STANDARD OF REVIEW
¶ 6. When reviewing the denial of a motion for post-conviction relief, we will not disturb the trial court's factual findings unless they are found to be clearly erroneous. Pace v. State, 770 So.2d 1052, 1053(¶ 4) (Miss.Ct.App.2000). However, where questions of law are raised, the applicable standard of review is de novo. Id.

ISSUES AND ANALYSIS

I. Whether the guilty plea should be vacated on the grounds that an intervening decision establishes that Pope's conduct did not constitute a crime.

II. Whether the memorandum of understanding between Pope and the State should be enforced.
¶ 7. The first two issues Pope presents for review were not included in his original motion for post-conviction relief. As for the alleged intervening decision cited by Pope, Bradford v. State, 736 So.2d 464 (Miss.Ct.App.1999), that case was decided years before he filed his motion for post-conviction relief. Consequently, these issues may not be raised now. Gardner v. State, 531 So.2d 805, 809 (Miss. 1988) (citing Colburn v. State, 431 So.2d 1111, 1114 (Miss.1983)). However, we will address Pope's claim that he did not knowingly, voluntarily, and intelligently entered into his guilty plea, as this issue was raised in the court below.
¶ 8. A plea of guilty is binding upon a defendant only if the defendant entered the plea voluntarily and intelligently. Alexander v. State, 605 So.2d *831 1170, 1172 (Miss.1992) (citing Myers v. State, 583 So.2d 174, 177 (Miss.1991)). A guilty plea is voluntary and intelligent only if the defendant has been advised "concerning the nature of the charge against him and the consequences of the plea." Id. (citing Wilson v. State, 577 So.2d 394, 396-97 (Miss.1991)). More specifically, the defendant must be informed that by pleading guilty he waives the following: (1) his right to a jury trial; (2) his right to confront adverse witnesses; and (3) the right to protection against self-incrimination. Id. (citing Boykin v. Alabama, 395 U.S. 238, 243, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969)). Pursuant to Rule 8.04(A)(4)(b) of the Uniform Rules of Circuit and County Court, the trial court must also "inquire and determine ... [t]hat the accused understands... the maximum and minimum penalties provided by law[.]"
¶ 9. Pope contends that his plea of guilty was not voluntarily because he believed that by pleading guilty, he could only be sentenced from zero to ten years. The statute under which Pope was convicted, Mississippi Code Annotated § 97-5-23 (Rev. 2004), authorizes a sentence of "not less than two (2) years nor more than fifteen (15) years." Thus, Pope argues that he was not fully informed as to the maximum and minimum sentences that he could receive by pleading guilty.
The record shows that Pope pled guilty with the belief that he could be sentenced for up to thirty years. On the petition to plead guilty, Pope wrote that he was being charged with three counts and that he could possibly receive zero to ten years for each count, for a possible total of thirty years. Although Pope could have been sentenced for more than thirty years, he was not. Pope received a twelve-year sentence for each count, with all three of the sentences to run concurrently. Thus, Pope received a total of twelve years in the custody of the MDOC, a much shorter sentence than he was prepared to receive when he pled guilty. Therefore, Pope has suffered no prejudice as a result of his mistaken belief regarding the maximum sentence for the charges against him.
¶ 10. On the petition to plead guilty, Pope acknowledged that his guilty plea was an open plea. He further acknowledged that by pleading guilty he waived certain constitutional rights, including the right to a speedy and public trial by jury, to confront adverse witnesses, to have the assistance of a lawyer at all stages of the proceedings, to take the witness stand in his own behalf, and the right to the presumption of innocence. Finally, Pope stated that he was satisfied with the advice and help his attorney gave him, and that the court was not bound by any sentence discussed with his attorney. Therefore, we find nothing in the record to support the contention that Pope did not voluntarily and intelligently enter his guilty plea. This issue is without merit.

III. Whether Pope received ineffective assistance of counsel due to failure to investigate, failure to file any pretrial, trial, or posttrial motions, and failure to present mitigating evidence.
¶ 11. Citing numerous instances of alleged misconduct, Pope argues that he received ineffective assistance of counsel. He claims that his attorney failed to investigate the charges and that he failed present mitigating evidence. Pope further contends that he received ineffective assistance of counsel because his attorney told him he could get the "false" charges thrown out, but failed to challenge the false accusations.
¶ 12. The standard for ineffective assistance of counsel was set forth by the United States Supreme Court in Strickland v. *832 Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Pope must show that his attorney's overall performance was deficient, and that this deficiency deprived him of a fair trial. Strickland, 466 U.S. at 689, 104 S.Ct. 2052; Moore v. State, 676 So.2d 244, 246 (Miss.1996). We must be mindful of the "strong presumption, but rebuttable presumption that an attorney's performance falls within a wide range of reasonable professional assistance." Covington v. State, 909 So.2d 160, 162(¶ 4) (Miss.Ct.App.2005) (quoting Stevenson v. State, 798 So.2d 599, 602(¶ 6) (Miss.Ct.App.2001)). To overcome this presumption, Pope must demonstrate "that there is a reasonable probability that, but for the counsel's unprofessional errors, the result would have been different." Strickland, 466 U.S. at 684, 104 S.Ct. 2052; Woodson v. State, 845 So.2d 740, 742(¶ 8) (Miss.Ct.App.2003).
¶ 13. There is nothing in the record to overcome the presumption that Pope received effective assistance of counsel. Pope indicated on the petition to plead guilty that he had been advised concerning the nature of the charge against him and the consequences of the plea. He further stated under oath that he was satisfied with the advice and help his attorney gave him, and that he understood that any sentence discussed with his attorney was not binding on the court. Consequently, we agree with the trial court that Pope's allegations of ineffective assistance are insufficiently specific and that they are contradicted by the sworn statements in his petition to plead guilty. This issue is without merit.
¶ 14. THE JUDGMENT OF THE CIRCUIT COURT OF HARRISON COUNTY DENYING POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO HARRISON COUNTY.
KING, C.J., LEE AND MYERS, P.JJ., CHANDLER, GRIFFIS, AND BARNES, JJ., CONCUR. IRVING, J., DISSENTS WITHOUT SEPARATE WRITTEN OPINION. SOUTHWICK, AND ROBERTS, JJ., NOT PARTICIPATING.