979 So.2d 390 (2008)
Kenneth L. ADAMS, Appellant,
v.
STATE of Florida, Appellee.
No. 5D07-1222.
District Court of Appeal of Florida, Fifth District.
April 18, 2008.
Kenneth L. Adams, Polk City, pro se.
No Appearance for Appellee.
PER CURIAM.
Kenneth L. Adams was originally charged with capital sexual battery in the circuit court for the Fifth Judicial Circuit, in Marion County, Florida, in case no. 96-1374-CF-A. Pursuant to a negotiated plea agreement, to avoid a life sentence, he entered a no contest plea to the reduced charge of attempted capital sexual battery in exchange for a thirty-year sentence of incarceration.[1] This appeal from an order denying yet another rule 3.800(a) motion to correct an illegal sentence represents Adams' eighth appearance in this court challenging the conviction and/or sentence entered pursuant to his negotiated plea. Following his last appearance here, we warned Adams against filing further successive, frivolous challenges to his conviction or sentence. See Adams v. State, 944 So.2d 1259 (Fla. 5th DCA 2007). After reviewing Adams' filings on appeal from the denial of his latest successive 3.800(a) motion, and determining they too lack merit, we issued a Spencer[2] show cause order directing Adams to demonstrate "why he should not be prohibited from filing any appeal, petition, pleading or motion pertaining to the convictions and sentences rendered in [this case], unless reviewed and signed by an attorney licensed to practice in the State of Florida." Having *391 carefully considered Adams' response, we conclude that he is abusing the judicial process and should be barred from further pro se filings.
Therefore, in order to conserve judicial resources, we prohibit Kenneth L. Adams from filing with this Court any further pro se pleadings concerning Marion County, Fifth Judicial Circuit case no. 96-1374-CF-A. The Clerk of this Court is directed not to accept any further pro se filings concerning this case. Any further pleadings regarding this case will be summarily rejected by the Clerk, unless they are filed by a member in good standing of The Florida Bar. See Isley v. State, 652 So.2d 409, 410 (Fla. 5th DCA 1995) ("Enough is enough.") The Clerk is further directed to forward a certified copy of this opinion to the appropriate institution for consideration of disciplinary procedures. See § 944.279(1), Fla. Stat. (2007); Simpkins v. State, 909 So.2d 427, 428 (Fla. 5th DCA 2005).
AFFIRMED; future pro se filings PROHIBITED; certified opinion FORWARDED to Department of Corrections.
GRIFFIN, LAWSON and COHEN, JJ., concur.
NOTES
[1] Although Adams' original sentence included an additional probationary period of ten years, following the thirty-year prison term, the sentence was corrected by deletion of the probationary term in accordance with our mandate in Adams v. State, 901 So.2d 275 (Fla. 5th DCA 2005).
[2] State v. Spencer, 751 So.2d 47 (Fla. 1999).