BARNES, J.,
 

 for the Court.
 

 ¶ 1. William Edmondson appeals the dismissal of his motion for post-conviction relief by the Circuit Court of Lowndes County. Finding no error, we affirm.
 

 SUMMARY OF FACTS AND PROCEDURAL HISTORY
 

 ¶ 2. Edmondson was indicted on August 10, 1994, for possession of marijuana with intent to distribute pursuant to Mississippi Controlled Substance Act. In 1995, the case was removed from the active docket of the circuit court as the court was unable to locate Edmondson in order to serve him with the indictment. Edmondson was finally located and served with the indictment on October 9, 2000. On November 15, 2000, Edmondson waived arraignment. The case was further delayed due to defense counsel’s need for surgery. Finally, on December 3, 2002, Edmondson entered a petition to enter a guilty plea to possession of more than one ounce but less than a kilogram of marijuana. As Edmondson had no prior drug-related convictions, the circuit court accepted his guilty plea, but deferred an adjudication of guilt and placed Edmondson on a three-year non-adjudicated probation pursuant to section 41 — 29—150(d)(1) of the Mississippi Code Annotated (1981).
 

 ¶ 3. On January 11, 2004, Edmondson was arrested and subsequently charged in two indictments: Cause No. 2004-0300-CR1 for one count of receiving stolen property and Cause No. 2004-0406-CR1 for four counts — possession of methamphetamine, possession of precursor chemicals, manufacture of methamphetamine, and possession of anhydrous ammonia.
 
 [1]
 
 On February 4, 2004, the State petitioned the court to adjudicate Edmondson’s guilt as to the 1994 marijuana charge. On February 16, 2005, the trial court adjudicated Edmondson to be guilty of the 1994 possession of marijuana charge and sentenced him to serve a term of three years in the custody of the Mississippi Department of Corrections (MDOC). In addition, as part of his plea agreement, Edmondson entered a guilty plea to one count of possession of methamphetamine and one count of receiving stolen property. The court retired the remaining three counts and sentenced Edmondson to five years’ imprisonment for receiving stolen property, and twelve years for possession of methamphetamine. These sentences were ordered to run consecutively to the three-year sentence im
 
 *594
 
 posed for the 1994 possession of marijuana charge. He also received four years of post-release supervision.
 

 ¶ 4. Edmondson filed a motion for post-conviction relief on October 1, 2007, alleging that the sentencing for his possession of marijuana charge violated his constitutional right to a speedy trial as it occurred more than 270 days after arraignment pursuant to Mississippi Code Annotated section 99-17-1 (Rev.2007). The circuit court dismissed the motion on November 28, 2007, stating that the time lapse was due mainly to the fact that Edmondson could not be found for service of the indictment. It is from this dismissal that Edmondson now appeals. Finding no error, we affirm.
 

 STANDARD OF REVIEW
 

 ¶5. This Court will not disturb a trial court’s factual findings on a dismissal of a motion for post-conviction relief “unless they are found to be clearly erroneous.”
 
 Smith v. State,
 
 973 So.2d 1003, 1006 (¶ 5) (Miss.Ct.App.2007) (citing
 
 Brown v. State,
 
 731 So.2d 595, 598 (¶ 6) (Miss.1999)). “However, where questions of law are raised, the applicable standard of review is de novo.”
 
 Pope v. State,
 
 922 So.2d 828, 830 (¶ 6) (Miss.Ct.App.2006).
 

 I. Whether the circuit court had jurisdiction to consider Edmondson’s motion.
 

 ¶ 6. The State filed a “Motion to Dismiss Appeal or, in the Alternative, Brief for the Appellee on the Merits” on October 2, 2008, which argues that Edmondson lacked jurisdiction and standing to appeal. Specifically, the State contends that Edmondson is not currently serving the 1994 sentence attacked in this motion for post-conviction relief as he had already been in custody for more than three years when he filed his motion for post-conviction relief. Mississippi Code Annotated section 99-39-5(1) (Rev.2007), provides that a prisoner, who submits a petition under the Post-Conviction Relief Act, must be “in custody under sentence of a court of record of the State of Mississippi.”
 

 ¶ 7. The State, in supporting its argument that Edmondson had already served three years in custody, attached Edmondson’s MDOC time sheet as an exhibit to its motion to dismiss. The time sheet reflects that Edmondson was taken into custody on January 11, 2004. Therefore, when he was ordered to serve three years on the 1994 marijuana charge, he had already served 402 days in custody. Consequently, pursuant to Mississippi Code Annotated section 99-39-5(2) (Rev.2007), Edmondson was required to file his motion for post-conviction relief by January 11, 2007. As he failed to do so, the State argues the trial court was without jurisdiction to hear Edmondson’s motion as it was untimely.
 

 ¶ 8. Edmondson does not contest the fact that he had been in custody more than three years prior to filing his motion; rather, he refutes the State’s argument by stating that a prisoner serving consecutive sentences is considered to be “in custody” for the aggregate of his sentences for purposes of relief under the federal habeas corpus statute. In
 
 Peyton v. Rowe,
 
 391 U.S. 54, 67, 88 S.Ct. 1549, 20 L.Ed.2d 426 (1968), the United States Supreme Court found that a prisoner, serving consecutive sentences, is considered to be “in custody” “under any one of them[,]” and should not have to wait until he is considered “in custody” for a specific sentence in order to obtain federal habeas corpus relief. In a later decision,
 
 Garlotte v. Fordice, 515
 
 U.S. 39, 41, 115 S.Ct. 1948, 132 L.Ed.2d 36 (1995), the Supreme Court extended this precedent holding that a prisoner serving a series of consecutive sentences “remains ‘in custody’ under all of his sentences until all are served, and ... may attack the
 
 *595
 
 conviction underlying the sentence scheduled to run first in the series.” Harvey Garlotte, like Edmondson, was convicted and sentenced by a Mississippi trial court to three years for possession of marijuana. Garlotte, however, also received two concurrent life sentences for murder, which were ordered to run consecutively to the three-year sentence.
 
 Id.
 
 After unsuccessfully seeking state post-conviction relief with the Mississippi Supreme Court, Garlotte filed a federal habeas corpus petition with the United States District Court for the Southern District of Mississippi alleging various federal constitutional challenges to the marijuana conviction, which was denied on the merits.
 
 Garlotte,
 
 515 U.S. at 43, 115 S.Ct. 1948. On appeal, the United States Court of Appeals for the Fifth Circuit ruled that the federal district court had no jurisdiction to consider Gar-lotte’s federal habeas corpus petition as he had already served the three-year sentence under attack and was now in custody serving his life sentences.
 
 Id.
 
 The United States Supreme Court reversed the Fifth Circuit’s decision based upon
 
 Pey-ton’s
 
 holding that consecutive sentences are to be viewed “in the aggregate, not as discrete segments.”
 
 Id.
 
 at 47, 115 S.Ct. 1948. The Supreme Court observed “[tjhat Mississippi itself [has viewed] consecutive sentences in the aggregate for various penological purposes!,]” such as, determining parole eligibility or earned time allowance, as it would be difficult for the courts to determine when one sentence ends and a consecutive sentence begins.
 
 Id.
 
 at 46 n. 5, 115 S.Ct. 1948. Therefore, Garlotte was allowed to “attack [in his habeas corpus petition] the conviction underlying the sentence scheduled to run first in the series.”
 
 Id.
 
 at 41, 115 S.Ct. 1948.
 

 ¶ 9. We recognize that the Mississippi Supreme Court has not adopted
 
 Garlotte’s
 
 expanded definition of “in custody” for purposes of post-conviction relief. The State, however, did not file a rebuttal brief in support of its motion to dismiss; therefore, it did not challenge the applicability of the Supreme Court’s ruling in
 
 Garlotte
 
 to a motion for post-conviction relief under the Mississippi statutes. Rather, the State merely relies on this Court’s holding in
 
 Wilson v. State,
 
 990 So.2d 828, 829 (¶ 2) (Miss.Ct.App.2008) for the proposition that “[i]n order to have standing to bring a motion for post-conviction relief, the petitioner must be
 
 in custody for the crime for which he seeks post-conviction relief.”
 
 (Citing
 
 Graves v. State,
 
 822 So.2d 1089, 1091 (¶ 6) (Miss .Ct.App.2002)) (emphasis added). We find the State’s reliance on
 
 Wilson
 
 misplaced. Wilson
 
 had been released from custody
 
 after serving the sentence attacked in his motion for post-conviction relief. In the present case, Edmondson, like Garlotte, was simultaneously sentenced to serve his consecutive sentences, and thus remained “in custody” oftheMDOC.
 

 ¶ 10. We find that
 
 Garlotte
 
 lends persuasive support to Edmondson’s argument that he is considered to be “in custody” under the sentence attacked in his motion. As the State has not challenged the applicability of that case, we reject the State’s motion to dismiss, and assume, without deciding, that
 
 Garlotte’s
 
 analysis is applicable to the instant motion for post-conviction relief. Therefore, we will proceed to the merits of Edmondson’s claims.
 

 II. Whether Edmondson’s sentence for the 1994 conviction was in violation of Mississippi Code Annotated section 99-1-5.
 

 ¶ 11. Edmondson argues that he should not have been sentenced since Mississippi Code Annotated section 99-1-5 (Rev.2007) states that a person shall not be prosecuted for any offense, minus some
 
 *596
 
 excepted crimes which are not applicable in the present case, “unless the prosecution for such offense be commenced within two (2) years next after the commission thereof[.]” However, the entry of Edmondson’s guilty plea waived this defense. “A valid guilty plea admits all elements of a formal charge and operates as a waiver of all non-jurisdictional defects!,]” including the statute of limitations in a criminal case.
 
 Laster v. State,
 
 975 So.2d 240, 242 (¶ 5) (Miss.Ct.App.2007) (citations omitted). A statute of limitations claim is an affirmative defense, which may be waived upon the entry of a valid guilty plea.
 
 Id.
 

 ¶ 12. Further, we find no merit to Edmondson’s assertion that his prosecution was barred. Under Mississippi Code Annotated section 99-1-7 (Rev.2007), “[a] prosecution may be commenced, within the meaning of Section 99-1-5 by the issuance of a warrant, or by binding over or recognizing the offender to compel his appearance to answer the offense,
 
 as well as by indictment
 
 or affidavit.” (Emphasis added). Edmondson was arrested for possession of marijuana on August 12, 1993, and was indicted for the offense on August 10, 1994. Therefore, the prosecution against Edmondson commenced on the day that he was indicted, only one year after he committed the offense, and tolled the statute of limitations.
 

 III. Whether Edmondson’s sentence violated his right to a fair and speedy trial.
 

 ¶ 13. Edmondson argues that his right to a speedy trial was violated as he was sentenced eight years after his 1994 indictment. Under Mississippi Code Annotated section 99-17-1, “all offenses for which indictments are presented to the court shall be tried no later than two hundred seventy (270) days after the accused has been arraigned!,]” unless good cause is shown and the court grants a continuance. We find that Edmondson waived his right to a speedy trial by his entry of a guilty plea.
 
 See Brown v. State,
 
 926 So.2d 229, 232 (¶ 8) (Miss.Ct.App.2005) (“regardless of the length of the delay between [a defendant’s] indictment and sentencing ... a valid guilty plea waives the right to a speedy trial”). Although Edmondson argues that he was not made aware of the circumstances of his guilty plea, the record shows that he signed a petition to enter a guilty plea which clearly stated Edmondson understood that he waived his right to a speedy trial.
 

 ¶ 14. Additionally, delays which are attributable to the defendant do not count toward the 270-day requirement under section 99-17-1.
 
 Smith v. State,
 
 977 So.2d 1227, 1234 (¶ 20) (Miss.Ct.App.2008). Mississippi Code Annotated section 99-1-5 (Rev.2004) provides that prosecution for an offense is not barred “against any person who shall abscond or flee from justice, or shall absent himself from this state or out of the jurisdiction of the court, or so conduct himself that he cannot be found by the officers of the law, or that process cannot be served upon him.” Although Edmondson claims that he did not abscond, flee, or absent himself from the state or the jurisdiction of the court, the circuit court, in its order dismissing Edmondson’s motion for post-conviction relief, found that the reason for any delay in sentencing was that there was a significant period of time in which the court was unable to serve Edmondson with his indictment. This finding is not clearly erroneous.
 

 ¶ 15. Based on these findings, we find that circuit court did not err in dismissing Edmondson’s motion for post-conviction relief and affirm.
 

 
 *597
 
 ¶ 16. THE JUDGMENT OF THE CIRCUIT COURT OF LOWNDES COUNTY DISMISSING THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO LOWNDES COUNTY.
 

 KING, C.J., LEE AND MYERS, P.JJ., GRIFFIS, ISHEE AND ROBERTS, JJ., CONCUR. IRVING, J., CONCURS IN PART AND IN THE RESULT. CARLTON AND MAXWELL, JJ., CONCUR IN RESULT ONLY.
 

 [1]
 

 . In Count 2 of indictment 2004-0406-CR1, Edmondson was charged with possession of precursor chemicals, specifically sulfuric acid, acetone, and pseudoephedrine. Possession of two or more of these chemicals is a violation of Mississippi Code Annotated section 41 — 29—313(1 )(a)(i) (Rev.2005). Count 4 charges Edmondson with possession of anhydrous ammonia, also a precursor chemical. However, section 41-29-313(2) also deals separately with anhydrous ammonia making it "unlawful for any person to purchase, possess, transfer or distribute any amount of anhydrous ammonia, knowing, or under circumstances where one reasonably should know, that the anhydrous ammonia will be used to unlawfully manufacture a controlled substance."