# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2014-CP-01351-COA

**RICKY LEE SHIES A/K/A RICKY SHIES A/K/A RICKY SHIELDS**  APPELLANT

v.

**STATE OF MISSISSIPPI**  APPELLEE

| | |
|---|---|
| DATE OF JUDGMENT: | 09/03/2014 |
| TRIAL JUDGE: | HON. LEE J. HOWARD |
| COURT FROM WHICH APPEALED: | LOWNDES COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | RICKY LEE SHIES (PRO SE) |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: SCOTT STUART |
| NATURE OF THE CASE: | CIVIL - POST-CONVICTION RELIEF |
| TRIAL COURT DISPOSITION: | DENIED MOTION FOR POST-CONVICTION RELIEF |
| DISPOSITION: | AFFIRMED – 02/16/2016 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE IRVING, P.J., MAXWELL AND FAIR, JJ.**

**IRVING, P.J., FOR THE COURT:**

¶1.     In the Circuit Court of Lowndes County, Ricky Shies was convicted of two counts of credit-card fraud in case number 2003-0368-CRI and one count of possession of cocaine in case number 2003-0494-CRI.  After the circuit court sentenced him, he filed a motion for post-conviction relief (PCR), insisting that his sentence in case number 2003-0368-CRI, which he completed in or around February 2014, was illegal.  The circuit court dismissed the PCR motion as time-barred and without merit, and this appeal resulted.

¶2. On appeal, Shies reiterates his argument concerning his illegal sentence, which he now argues excepts the PCR motion from the three-year statute of limitations set forth in Mississippi Code Annotated section 99-39-5(2) (Rev. 2015). As relief, he asks this Court to reduce his sentence in case number 2003-0494-CRI, which he is currently serving. Shies further argues that he received ineffective assistance of counsel.

¶3. Although we find that the circuit court erred in finding that Shies had not received an illegal sentence, which exempted his PCR motion from the procedural bar, we also find that we are unable to grant him any relief. We further find that Shies has failed to prove that he received ineffective assistance of counsel. Therefore, we affirm.

FACTS

¶4. On or around May 9, 2003, in case number 2003-0368-CRI, Shies was indicted, as a habitual offender, for four counts of credit-card fraud. Then, on or around August 11, 2003, in case number 2003-0494-CRI, he was indicted for possession of cocaine. On February 16, 2004, the State filed a motion to amend the indictment in case number 2003-0494-CRI to include habitual-offender language pursuant to Mississippi Code Annotated section 99-19-83 (Rev. 2015). However, the record is silent as to whether the amendment was allowed, but it does not contain an order allowing it. Two days later, on February 18, 2004, Shies, pursuant to a plea agreement, filed petitions to enter guilty pleas to two counts of credit-card fraud in case number 2003-0368-CRI and to possession of cocaine in case number 2003-0494 CRI. His plea petition in case number 2003-0368-CRI provides that he "[was] charged

2

as a habitual criminal pursuant to . . . [Mississippi Code Annotated s]ection 99-19-81 [(Rev. 2015)] or [s]ection 99-19-83 on the credit[-]card[-]fraud charge" and that the district attorney would not make any recommendation as to sentencing except: "two counts [of] credit[-]card fraud, five years habitual [for] each.

¶5.     The circuit court accepted Shies's pleas, adjudicated him guilty of the charges, and sentenced him, in accordance with the plea agreements, as a section 99-19-81 habitual offender in case number 2003-0368-CRI on two counts of credit-card fraud to two consecutive five-year terms, one for each count, all in the custody of the Mississippi Department of Corrections (MDOC). And in case number 2003-0494-CRI, the circuit court sentenced Shies to a ten-year term in the custody of the MDOC, with this sentence to run consecutively to his sentences in case number 2003-0368-CRI, for a total of twenty years, ten of which were as a habitual offender. After Shies had been sentenced in accordance with the district attorney's recommendation in the plea agreement, the district attorney moved that the remaining two counts of credit-card fraud be retired to the files, and the circuit court granted the motion.

¶6.     More than ten years later, on July 22, 2014, Shies filed his PCR motion. As discussed, the circuit court dismissed the motion, concluding that Shies had not received an illegal sentence and that the motion was time-barred.

DISCUSSION

¶7.     When reviewing a trial court's dismissal of a PCR motion, an appellate court will

3

reverse as to the factual findings only if they are clearly erroneous. *McGriggs v. State*, 117 So. 3d 626, 628 (¶5) (Miss. Ct. App. 2012) (citing *Bell v. State*, 95 So. 3d 760, 763 (¶7) (Miss. Ct. App. 2012)). An appellate court reviews issues of law de novo. *Id.*

¶8. Shies argues that his sentences in case number 2003-0368-CRI were illegal because they exceeded the statutory maximum and, as stated, that the illegal sentences except his PCR motion from the provisions of section 99-39-5(2). As noted, he desires to have both of his sentences in case number 2003-0368-CRI retroactively reduced by two years and to have these years credited to his sentence in case number 2003-0494-CRI. In other words, he wants his sentence in case number 2003-0494-CRI reduced to a six-year sentence.

¶9. Mississippi's habitual-offender statutes, sections 99-19-81 and 99-19-83, impose specific penalties for a criminal defendant's third felony conviction. Section 99-19-81 states:

> Every person convicted in this state of a felony who shall have been convicted twice previously of any felony or federal crime upon charges separately brought and arising out of separate incidents at different times and who shall have been sentenced to separate terms of one (1) year or more in any state and/or federal penal institution, whether in this state or elsewhere, *shall be sentenced to the maximum term of imprisonment prescribed for such felony*, and such sentence shall not be reduced or suspended nor shall such person be eligible for parole or probation.

(Emphasis added). And section 99-19-83 provides:

> Every person convicted in this state of a felony who shall have been convicted twice previously of any felony or federal crime upon charges separately brought and arising out of separate incidents at different times and who shall have been sentenced to and served separate terms of one (1) year or more, whether served concurrently or not, in any state and/or federal penal institution, whether in this state or elsewhere, and where any one (1) of such felonies *shall have been a crime of violence, . . . shall be sentenced to life*

4

*imprisonment*, and such sentence shall not be reduced or suspended nor shall such person be eligible for parole, probation or any other form of early release from actual physical custody within the [MDOC].

(Emphasis added).

¶10.   The language of Shies's indictment in case number 2003-0368-CRI is sufficient to constitute habitual-offender status under section 99-19-83 because it states that Shies had been convicted of two felonies, one of which was a crime of violence, and that he had served at least one year for those crimes.  More specifically, it provides, in pertinent part:

> [T]he said RICKY SHIELDS alias SHIES was previously convicted in the Circuit Court of Lowndes County, Mississippi[,] in cause number 12,255 for the crime of Armed Robbery, a felony, and sentenced on August 29, 1991[,] to serve a term of [t]wenty (20) years in [MDOC custody], [f]ifteen (15) suspended, with five (5) years to serve without parole;
>
> AND FURTHER that the said RICKY SHIELDS alias SHIES was previously convicted in the Circuit Court of Lowndes County, Mississippi[,] in cause number 2000-0102-CRI[] for the crime of Possession of Cocaine, a felony, and sentenced on September 7, 2000[,] to serve a term of two (2) years in [MDOC custody], pay a fine of [t]wo [t]housand [d]ollars ($2,000.00)[,] and be placed on [f]ive (5) years [p]ost-[r]elease [s]upervision after release from [MDOC custody].

Although the indictment in case number 2003-0368-CRI indicates that Shies was being indicted as a habitual offender, it fails to specify an applicable habitual-offender code section.  However, the sentencing orders state: "[A] hearing was held . . . on the 18th day of February, 2004, to determine [Shies's] status . . . as a habitual offender, and the [c]ourt having considered same finds that [Shies] is a[] habitual offender within the meaning of [s]ection 99-19-81[.]"  Because the transcripts from that hearing and the plea hearing were

5

not made a part of the appellate record, we have no inclination as to why or how the circuit court reached that conclusion. Regardless, since the circuit court sentenced Shies under section 99-19-81, his two five-year sentences in case number 2003-0368-CRI were illegal because, as explained below, they exceeded the maximum penalty prescribed by statute.

¶11. Mississippi Code Annotated section 97-19-21 (Rev. 2014), which governs credit-card fraud, states:

> Whenever the value of the money, goods, property, services[,] or other thing of value obtained or attempted to be obtained is . . . $100[] or more, the person committing the offense, whether the offense is a first, second[,] or subsequent offense, shall be guilty of a felony[,] and such person, upon conviction, shall be punished . . . by a fine of not less than . . . $100[] nor more than . . . $1,000[], or by imprisonment in the State Penitentiary for a term not to exceed three . . . years, or by both such fine and imprisonment.

Miss. Code Ann. § 97-19-21(3)(b) & (c) (Rev. 2014). A circuit judge is required to sentence a section 99-19-81 habitual offender to the maximum term of imprisonment prescribed for the felony conviction that gives rise to habitual-offender status. So under sections 97-19-21 and 99-19-81, the maximum sentence that the circuit court was authorized to impose in case number 2003-0368-CRI was a six-year sentence—three years for each count of credit-card fraud.

¶12. In response to Shies's argument that he received an illegal sentence in case number 2003-0368-CRI, the State points out that because Shies benefitted from the illegal sentences, he cannot now complain. Since the circuit court found that Shies was a section 99-19-81 habitual offender, not a section 99-19-83 habitual offender, we presume the State is

6

referencing the other sentencing benefits that Shies gained from the plea bargain, that is, the retiring to the files of two counts of credit-card fraud. Had Shies gone to trial and been convicted on all of the counts of credit-card fraud, he could have received a maximum sentence of twelve years instead of the ten years that he received.

¶13. This Court is well aware that "[a]n accused has a fundamental right to be free from an illegal sentence." *Grayer v. State*, 120 So. 3d 964, 969 (¶16) (Miss. 2013) (citation omitted). An illegal sentence is "one that does not conform to the applicable penalty statute." *Id*. (citation and internal quotation marks omitted). Therefore, the sentences that Shies received in case number 2003-0368CRI were illegal. And "the right to be free from an illegal sentence is a fundamental right not subject to the time-bar" found in section 99-39-5(2). *Hugh v. State*, 106 So. 3d 836, 840 (¶10) (Miss. Ct. App. 2012) (citation omitted). Despite the imposition of Shies's illegal sentences in case number 2003-0368-CRI, there are two reasons why this Court cannot grant him any relief. First, Shies has already served the two consecutive five-year sentences handed to him. *See Robinson v. State*, 849 So. 2d 157, 158 (¶4) (Miss. Ct. App. 2003) (citations omitted) (finding that a PCR motion is not the proper avenue to seek reduction of a sentence and that the reduction or reconsideration of a sentence by a judge must occur prior to the expiration of the sentencing term). The effect of the grant of such relief would be an amendment of Shies's sentences in case number 2003-0368-CRI, and this Court lacks the authority to do that. *See id*. Moreover, at the time of the filing of his PCR motion, Shies had already fulfilled a portion of his plea agreement, and we

point out, with emphasis, that Shies does not seek to undo his plea agreement—just the sentences, pursuant to the plea agreement, that he was given in case number 2003-0368-CRI.[1]

¶14.    Second, Shies was not prejudiced by the illegal sentences that he was given as a part of the plea bargain.  In this regard,  we agree with the following assertion in the State's brief, quoting *Graves v. State*, 822 So. 2d 1089 (Miss. Ct. App. 2002): "[A] defendant cannot stand mute when he is handed an illegal sentence which is more favorable than what the legal sentence would have been, reap the favorable benefits of that illegal sentence, and later claim to have been prejudiced as a result."  *Id*. at 1091 (¶8) (citing *McGleachie v. State*, 800 So. 2d 561, 563 (¶4) (Miss. Ct. App.  2001)); *see also Rivers v. State*, 136 So. 3d 1089, 1090 (¶8) (Miss. App. Ct. 2011).  As noted, the State indicted Shies as a habitual offender in case number  2003-0368-CRI.  And while the State did not initially indict Shies as a habitual offender in case number 2003-0494-CRI, the State moved—on the same day that Shies pleaded guilty in both cases—to amend the indictment to also charge Shies as a habitual offender in that cause number.  We have already mentioned that the content of both indictments supported habitual status under section 99-19-83.

¶15.    We now turn to Shies's final argument: that he received ineffective assistance of

---

[1] We note that as of this writing, Shies is no longer listed on the MDOC website as being incarcerated.  According to Pat Ford, administrative assistant to the director of records at MDOC, Shies is now out on parole.  He was released December 8, 2015, and is reporting on a monthly basis to his parole officer.  Nevertheless, we do not consider the claim moot that he raises in his appeal because, mandating retroactively, a shorter sentence logically should impact the length of his current parole and probationary period.

counsel. "In order to make an ineffective-assistance-of-counsel claim, one must show [that]: (1) [trial] counsel's performance was deficient[;] and (2) the deficient performance prejudiced [him]." *McCollum v. State*, 81 So. 3d 1191, 1192 (¶8) (Miss. Ct. App. 2012) (citation omitted). Here, Shies has not met his burden of proof. Without stating any specific facts, he claims that his trial counsel's failure to raise certain objections, file certain motions, and conduct a proper investigation into his case prejudiced his defense. Shies also argues that he was prejudiced by trial counsel's failure to object to his sentence in case number 2003-0368-CRI. However, Shies has shed no light on how counsel's alleged failures to file motions and conduct an investigation prejudiced his case. And, ordinarily, we do not "second guess [trial] counsel on matters of trial strategy." *Shorter v. State*, 946 So. 2d 815, 818 (¶15) (Miss. Ct. App. 2007) (citation omitted). Moreover, the record does not conclusively establish that counsel's failure to object to Shies's illegal sentence in case number 2003-0368-CRI was prejudicial, as without the plea bargain, which included the illegal sentences, Shies was facing a total of twelve years on the four counts of credit-card fraud.

¶16. Moreover, it appears from the language included in the indictment in case number 2003-0368-CRI that the State charged Shies as a violent habitual offender under section 99-19-83, which mandates a life sentence. As discussed, the indictment alleged two prior felony convictions, one of which was for a crime of violence and both of which resulted in Shies serving a sentence of one year or more. And, in his plea petitions, Shies admitted that he had

9

received those convictions. Therefore, it is plausible that as a part of plea the negotiations, Shies agreed to accept the ten-year sentence as a nonviolent habitual offender—instead of facing a life sentence—even though the sentence exceeded the statutory maximum. In making this observation, we note that the sentencing order—which found that Shies was a section 99-19-81 habitual offender instead of a section 99-19-83 habitual offender—is a form order, and the language in the order regarding a habitual-offender-determination hearing is form language. In any event, based on the record before us, we cannot find that trial counsel's representation was ineffective.

¶17. The dissent, contending that *"Robinson* [is] wholly inapplicable to the present situation" (Dissenting Op. at (¶20)), proposes to reverse and remand for resentencing on the two convictions for credit-card fraud in case number 2003-0368-CRI. Also the dissent, citing cases that it admits have no precedential value, argues, despite clear, unambiguous Mississippi precedent to the contrary, that a defendant pursuant to a plea bargain cannot agree to an illegal sentence. In support of its position that we have the authority to grant Shies the requested relief, the dissent cites *Edmondson v. State*, 17 So. 3d 591 (Miss. Ct. App. 2009), which discusses a couple of United States Supreme Court cases holding that when a defendant is sentenced to consecutive sentences, he has standing to challenge the legality of any of the sentences at any time while he is in custody because he is in custody under all of the sentences until all are served. Nothing in our opinion runs counter to that holding because we are not dismissing Shies's PCR motion on the basis that he lacks

10

standing to challenge his sentences. Rather, we have considered the substance of his claim

and find his argument—that his sentences must be set aside because they were illegal—lacks

merit.

¶18. In conclusion, we find that although Shies received illegal sentences in case number

2003-0368-CRI, this Court lacks the authority to grant his requested relief, which is the

reduction of his sentences in case number 2003-0368-CRI so as to allow the commencement

of his sentence in 2003-0494-CRI to begin four years earlier than scheduled. We also find

that Shies has failed to prove that he received ineffective assistance of counsel because he

did not establish that his trial counsel's alleged failures were outside the ambit of trial

strategy or that he was prejudiced by counsel's representation. Accordingly, we affirm.

¶19. **THE JUDGMENT OF THE LOWNDES COUNTY CIRCUIT COURT DISMISSING THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO LOWNDES COUNTY.**

**GRIFFIS, P.J., ISHEE, CARLTON, FAIR AND JAMES, JJ., CONCUR. WILSON, J., CONCURS IN RESULT ONLY WITHOUT SEPARATE WRITTEN OPINION. BARNES, J., CONCURS IN PART AND DISSENTS IN PART WITH SEPARATE WRITTEN OPINION, JOINED BY LEE, C.J. GREENLEE, J., NOT PARTICIPATING.**

**BARNES, J., CONCURRING IN PART AND DISSENTING IN PART:**

¶20. I cannot accept the majority's conclusion that this Court has no power to grant Shies

relief from his illegal sentences and, therefore, dissent in part. The majority cites *Robinson*

*v. State*, 849 So. 2d 157 (Miss. Ct. App. 2003), to support its finding that this Court lacks

authority to amend Shies's sentences. However, I find *Robinson* wholly inapplicable to the

11

present situation. *Robinson* did not concern the imposition of an illegal sentence; it simply addressed a petitioner's motion to reconsider and reduce his sentence after entering his guilty plea and after the term of court had ended. *Id*. at 158 (¶4).

¶21.    While Shies has already served the illegally imposed ten years for the two credit-card-fraud convictions, he is still in custody serving a ten-year sentence for possession of cocaine, which was ordered to run consecutively to the sentences challenged in his PCR motion. In *Edmondson v. State*, 17 So. 3d 591 (Miss. Ct. App. 2009), this Court addressed whether a petitioner could challenge a sentence that had expired, if he was still in custody for a consecutive sentence imposed at the same time as the challenged sentence. We "assume[d], without deciding" that he could, stating:

> In *Peyton v. Rowe,* 391 U.S. 54, 67 (1968), the United States Supreme Court found that a prisoner, serving consecutive sentences, is considered to be "in custody" "under any one of them," and should not have to wait until he is considered "in custody" for a specific sentence in order to obtain federal habeas corpus relief. In a later decision, *Garlotte v. Fordice,* 515 U.S. 39, 41 (1995), the Supreme Court extended this precedent holding that *a prisoner serving a series of consecutive sentences "remains 'in custody' under all of his sentences until all are served, and . . . may attack the conviction underlying the sentence scheduled to run first in the series."* Harvey Garlotte, like [William] Edmondson, was convicted and sentenced by a Mississippi trial court to three years for possession of marijuana. Garlotte, however, also received two concurrent life sentences for murder, which were ordered to run consecutively to the three-year sentence. *Id.* After unsuccessfully seeking state post-conviction relief with the Mississippi Supreme Court, Garlotte filed a federal habeas corpus petition with the United States District Court for the Southern District of Mississippi alleging various federal constitutional challenges to the marijuana conviction, which was denied on the merits. *Garlotte,* 515 U.S. at 43. On appeal, the United States Court of Appeals for the Fifth Circuit ruled that the federal district court had no jurisdiction to consider Garlotte's federal habeas corpus petition as he had already served the three-year sentence under

12

attack and was now in custody serving his life sentences. *Id.* The United States Supreme Court reversed the Fifth Circuit's decision based upon *Peyton*'s holding that consecutive sentences are to be viewed "in the aggregate, not as discrete segments." *Id.* at 47. The Supreme Court observed "that Mississippi itself has viewed consecutive sentences in the aggregate for various penological purposes," such as, determining parole eligibility or earned time allowance, as it would be difficult for the courts to determine when one sentence ends and a consecutive sentence begins. *Id.* at 46 n.5. Therefore, Garlotte was allowed to "attack in his habeas corpus petition the conviction underlying the sentence scheduled to run first in the series." *Id.* at 41.

*Edmondson*, 17 So. 3d at 594-95 (¶8) (emphasis added). Additionally, Mississippi Code Annotated section 99-39-5(1) was amended in 2009 to provide that a PCR motion may be filed by:

> Any person sentenced by a court of record of the State of Mississippi, including a person currently incarcerated, civilly committed, on parole or probation or subject to sex offender registration for the period of the registration or for the first five (5) years of the registration, whichever is the shorter period[.][2]

Thus, the statute was expanded to include persons feeling the effects of their convictions, even if they are no longer incarcerated for the crimes. I find no reason why Shies cannot attack his sentences for cause number 2003-0368-CRI, as he is still in custody serving his consecutive ten-year sentence for possession of cocaine.

¶22. The State argues that because Shies benefited from his illegal sentences, he cannot attack them. Our court has held that "[a] convicted felon may not quietly enjoy the benefits

---

[2] Prior to the 2009 amendment, the statute applied only to a "prisoner in custody under sentence of a court of record of the State of Mississippi[.]" Miss. Code Ann. § 99-39-5(1) (Rev. 2007).

13

of an illegally lenient sentence, and later attack the sentence when suddenly it is in his interest to do so." *Crosby v. State*, 16 So. 3d 74, 80 (¶12) (Miss. Ct. App. 2009) (quoting *Thomas v. State,* 861 So. 2d 371, 374 (¶9) (Miss. Ct. App. 2003)). Further, "a defendant should not be allowed to reap the benefits of an illegal sentence, which is lighter than what the legal sentence would have been, and then turn around and attack the legality of the illegal, lighter sentence when it serves his interest to do so." *Graves v. State*, 822 So. 2d 1089, 1092 (¶11) (Miss. Ct. App. 2002).

¶23. Here, Shies received an illegally harsh sentence, not an illegally lenient one. What the State is really arguing is that Shies benefited from pleading guilty as a habitual offender under section 99-19-81 (and allegedly receiving the maximum sentences for those crimes), rather than as a habitual offender under section 99-19-83 (and being sentenced to life imprisonment).[3] Be that as it may, Shies did not plead guilty as a section 99-19-83 habitual offender, and he can only receive the maximum sentences for the crimes to which he pled guilty. For these crimes, the imposed sentences were illegally harsh. The record, on its face, evidences that Shies's sentences are illegal.[4]

---

[3] The petition to enter the guilty plea for cause number 2003-0368-CRI stated that the district attorney recommended "2 counts credit card fraud, five years habitual each," which would indicate that Shies was to be sentenced under section 99-19-81.

[4] Although not precedential authority, other jurisdictions have held that "[a] defendant cannot by a plea agreement accept a sentence that exceeds the statutory maximum." *See Adams v. State*, 901 So. 2d 275, 277 (Fla. Dist. Ct. App. 2005); *see also People v. Ambrose*, 9 Cal. Rptr. 2d 812, 816 (Cal. Ct. App. 1992) ("Even if a defendant agrees to such a negotiated disposition, a trial court should not impose a sentence in excess of the maximum allowable for the plea entered."); *Hoover v. State,* 215 S.W.3d 776, 780 (Tenn. 2007) (noting

¶24. Shies is still suffering the effect of his two illegally imposed sentences; had he been sentenced according to the statutory maximum amount of three years, he would be eligible for release from custody in 2018, rather than 2022. Accordingly, I would reverse and remand for resentencing on the two convictions for credit-card fraud under section 97-19-21.

**LEE, C.J., JOINS THIS OPINION.**

---

"a plea-bargained sentence is legal so long as it does not exceed the maximum punishment authorized for the plea offense"); *State v. Mercado*, 326 P.3d 154, 158 (Wash. Ct. App. 2014) ("A defendant cannot agree to punishment in excess of that which the legislature has established.").