BARNES, J.,
concurring in part' and dissenting in part:
¶ 20. I cannot accept the majority’s conclusion that this Court has no power to grant Shies relief from his illegal sentences and, therefore, dissent in part. The majority cites Robinson v. State, 849 So.2d 157 (Miss.Ct.App.2003), to support its finding that this Court lacks authority to amend Shies’s sentences. However, I find Robinson wholly inapplicable to the present situation. Robinson did not concern the imposition of an illegal sentence; it simply addressed-a petitioner’s motion to reconsider and reduce his sentence after entering his guilty plea and after the term of court had ended. Id. at 158 (¶ 4).
¶ 21. While Shies has already served the illegally imposed ten years for the two credit-card-fraud convictions, he is still in custody serving a ten-year- sentence for possession of cocaine, which was ordered to run consecutively to the sentences challenged in his PCR motion. In Edmondson v. State, 17 So.3d 591 (Miss.Ct.App.2009), this Court addressed whether a petitioner eould challenge a sentence that had expired, if he was still in custody for a consecutive sentence imposed at the same time as the challenged sentence. We “assume[d], without deciding” that he could, stating:
In Peyton v. Rowe, 391 U.S. 54, 67, 88 S.Ct. 1549, 20 L.Ed.2d 426 (1968), the United States Supreme. Court found that a prisoner, serving consecutive sentences, is considered to be “in custody” “under any one of them,” and should not have to wait until he is considered “in custody” for a specific sentence in order to obtain federal habeas corpus relief. In a later decision, Garlotte v. Fordice, 515 U.S. 39, 41, 115 S.Ct. 1948, 132 L.Ed.2d 36 (1995), the Supreme Court extended this precedent holding that a prisoner serving a series of consecutive sentences “remains ‘in custody’ under all of his sentences until all' are served, and ... may attack the conviction underlying the ' sentence ' scheduled to run first in the sefies.” Harvey Gar-lotte, like [William] Edmondson, was convicted and sentenced by a Mississippi trial court to three years for possession of marijuana. Garlotte, however, also received two concurrent life sentences for murder, which were ordered to "run consecutively to the three-year sentence. Id. After unsuccessfully seeking state post-conviction relief with the Mississippi Supreme Court, Garlotte filed a federal habeas corpus petition with the United States District Court for the Southern District of Mississippi alleging various federal constitutional challenges to the marijuana conviction, which was denied on the merits. Garlotte, 515 U.S. at 43, 115 S.Ct. 1948. On appeal, the United States Court of Appeals for'the'Fifth'Circuit ruled that the federal district court had no jurisdiction to consider Gariotté’s federal habeas corpus petition as he -had already served the three-year sentence under attack and was now in custody serving his life sentences. Id. The United States Su *1089 preme Court reversed the Fifth Circuit’s decision based upon Peyton’s holding that consecutive sentences are to be viewed “in the aggregate, not as discrete segments.” Id. at 47, 115 S.Ct. 1948. The Supreme Court observed “that Mississippi itself has viewed consecutive sentences in the aggregate for various penological purposes,” such as, determining parole eligibility or earned time allowance, as it would be difficult for the courts to determine when one sentence ends and a consecutive sentence begins. Id. at 46 n. 5, 115 S.Ct. 1948. Therefore, Garlotte was allowed to “attack in his habeas corpus petition the conviction underlying the sentence scheduled to run first in the series.” Id. at 41, 115 S.Ct. 1948.
Edmondson, 17 So.3d at 594-95 (¶ 8) (emphasis added). Additionally, Mississippi Code Annotated section 99-39-5(1) was amended in 2009 to provide that a PCR motion may be filed by:
Any person sentenced by a court of record of the State of Mississippi, including a person currently incarcerated, civilly committed, on parole or probation or subject to sex offender registration for the period of the registration or for the first five (5) years of the registration, whichever is the shorter period[.][2]
Thus, the statute was expanded to include persons feeling the effects of their convictions, even if they are no longer incarcerated for the crimes. I find no reason why Shies cannot attack his sentences for cause number 2003-0368-CRI, as he is still in custody serving his consecutive ten-year sentence for possession of cocaine.
¶ 22. The State argues that because Shies benefited from his illegal sentences, he cannot attack them. Our court has held that “[a] convicted felon may not quietly enjoy the benefits of an illegally lenient sentence, and later attack the sentence when suddenly it is in his interest to do so.” Crosby v. State, 16 So.3d 74, 80 (¶ 12) (Miss.Ct.App.2009) (quoting Thomas v. State, 861 So.2d 371, 374 (¶ 9) (Miss.Ct.App.2003)). Further, “a defendant should not be allowed to reap the benefits of an illegal sentence, which is lighter than what the legal sentence would have been, and then turn around and attack the legality of the illegal, lighter sentence when it serves his interest to do so.” Graves v. State, 822 So.2d 1089, 1092 (¶ 11) (Miss.Ct.App.2002).
¶ 23. Here, Shies received an illegally harsh sentence, not an illegally lenient one. What the State is really arguing is that Shies benefited from pleading guilty as a habitual offender under section 99-19-81 (and allegedly receiving the maximum sentences for those crimes), rather than as a habitual offender under section 99-19-83 (and being sentenced to life imprisonment).[3] Be that as it may, Shies did not plead guilty as a section 99-19-83 habitual offender, and he can only receive the maximum sentences for the crimes to which he pled guilty. For these crimes, the imposed sentences were illegally harsh. The record, on its face, evidences that Shies’s sentences are illegal.[4]
*1090 ¶ 24. Shies is still suffering the effect of his two illegally imposed sentences;- had he been sentenced according to the statutory maximum amount of three years, he would, be eligible for release from custody in 2018, rather than 2022. Accordingly, I would reverse and remand for resentenc-ing on the two convictions for credit-card fraud under section 97-19-21.
LEE, C.J., JOINS THIS OPINION.

. Prior to the 2009 amendment, the statute applied only to a “prisoner in custody under sentence of a court of record of the State of Mississippi[.]” Miss.Code Ann. § 99 — 39—5(1) (Rev.2007).

. The petition to enter the guilty plea for cause number 2003-0368-CRI stated that the district attorney recommended "2 counts credit card fraud, five years habitual each,” which would indicate that Shies was to be sentenced under section 99-19-81.

. Although not precedential authority, other jurisdictions have held that “[a] defendant cannot by a plea agreement accept a sentence that exceeds the statutory maximum.” See Adams v. State, 901 So.2d 275, 277 (Fla.Dist.Ct.App.2005); see also People v. Ambrose, 7 Cal.App.4th 1917, 9 Cal.Rptr.2d 812, 816 *1090 (1992) ("Even if a defendant agrees to such a negotiated disposition, a trial court should not impose a sentence in excess of the maximum allowable for the plea entered."); Hoover v. State, 215 S.W.3d 776, 780 (Tenn.2007) (noting "a plea-bargained sentence is legal so long as it does not exceed the maximum punishment authorized for the plea offense”); State v. Mercado, 181 Wash.App. 624, 326 P.3d 154, 158 (2014) ("A defendant cannot agree to punishment in excess of that which the legislature has established.”).