## IN THE SUPREME COURT OF MISSISSIPPI
## NO. 97-KA-01182-SCT

*CHARLES HOLT PORTER*

*v.*

*STATE OF MISSISSIPPI*

| | |
|---|---|
| DATE OF JUDGMENT: | 02/27/97 |
| TRIAL JUDGE: | HON. LEE J. HOWARD |
| COURT FROM WHICH APPEALED: | LOWNDES COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | CHARLES D. EASLEY, JR. |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL |
| | BY: BILLY L. GORE |
| DISTRICT ATTORNEY: | FORREST ALLGOOD |
| NATURE OF THE CASE: | CRIMINAL - FELONY |
| DISPOSITION: | REVERSED AND REMANDED - 3/18/1999 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | 4/14/99 |

**EN BANC.**

**PRATHER, CHIEF JUSTICE, FOR THE COURT:**

## I. STATEMENT OF THE CASE

¶1. Charles Holt Porter was tried in the Lowndes County Circuit Court and convicted of possession of a firearm by a felon. He was sentenced to three years in prison, fined $3,000.00, and ordered to pay all court costs. Porter appeals the conviction, *in forma pauperis*, and raises the following issues for consideration by this Court:

**A. Whether the trial court erred in accepting the State's challenge to venire members over the *Batson* objection of the defendant?**

**B. Whether the trial court erred in allowing the State to question the defendant's witnesses about previous crimes alleged against the defendant not in evidence?**

**C. Whether the trial court erred in allowing the State to amend its indictment after the close of its case-in-chief?**

**D. Whether the trial court erred in refusing to allow the defendant a new trial after the introduction of new evidence?**

¶2. This Court finds that Issue B has merit. That is, the State should not have been allowed to question defense witnesses about other charges against Porter. Accordingly, this case is reversed and remanded for a new trial on the indictment, as amended. The other issues raised by Porter are moot and without merit, and will not be addressed.

## II. LEGAL ANALYSIS

¶3. Porter argues that the trial court erred in allowing the State to ask certain questions during cross-examination of defense witnesses. The record reflects that, during direct examination, defense counsel asked Porter's mother, father, and friend about Porter's reputation for truthfulness. On cross-examination, over defense counsel's objection, the prosecutor asked Porter's mother and his friend if they would have the same opinion of Porter's reputation for truthfulness, if they were told that Porter had also been charged with receiving stolen property, stealing a bicycle, not having a tag, leaving the scene of an accident, reckless driving, robbery, trespassing, driving without a license, and simple assault. Both witnesses basically indicated that they would maintain the same opinion of Porter.

¶4. Porter argues that the trial court committed reversible error by allowing these defense witnesses to be questioned about these alleged charges. The State argues that the District Attorney's questions were proper under M.R.E. 608 (b), which states:

> Specific instances of the conduct of a witness, for the purpose of attacking or supporting his credibility, other than conviction of crime as provided in rule 609, may not be proved by extrinsic evidence. They may, however, in the discretion of the court, if probative of truthfulness or untruthfulness be inquired into on cross-examination of the witness (1) concerning his character for truthfulness or untruthfulness, or (2) concerning the character for truthfulness or untruthfulness of another witness as to which character the witness being cross-examined has testified.

¶5. However, this Court has held that, in order to question a witness under this evidentiary rule:

> Procedurally, before counsel attempts an inquiry on cross-examination as to specific acts of past conduct not resulting in a conviction he should inform the trial judge that he intends to do so. The trial judge can then conduct a hearing outside the presence of the jury. It should be emphasized that Rule 608 (b) does not authorize a fishing license, but counsel must have specific instances of past conduct about which he proposes to cross-examine the witness, and inform the trial judge of them. Following this, the trial judge can determine first if the conduct reflects upon the witness's honesty, and if so, weigh the probative value against the danger of unfair prejudice, as required under Rule 403 and also determine whether admission of the evidence will advance the ascertainment of the truth in the case.

*Brent v. State*, 632 So. 2d 936, 945 (Miss. 1994). This procedure was not followed in the case *sub judice*.

¶6. Furthermore, the State's contention (that charges of bicycle stealing, not having a car tag, reckless driving, etc. have any bearing on Porter's truthfulness) is quite tenuous. These offenses do "not involve lying, deceit, or dishonesty and [have] absolutely no probative value whatsoever in regard to [Porter's] character for truthfulness. Under Rule 608(b), as clarified by *Brent*, the introduction of such evidence is not

permitted."*Wilson v. State*, 661 So. 2d 1109, 1112 (Miss. 1995).

¶7. Thus, it appears that the witnesses were questioned about these other charges against Porter for the sole purpose of implying that Porter acted in compliance with his criminal propensities. This is expressly prohibited under M.R.E. 404 (b), which provides that "[e]vidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith."

¶8. Based on the foregoing, this Court finds that the prosecutorial questions at issue constituted reversible error. Porter's argument has merit.

## III. CONCLUSION

¶9. The State was improperly allowed to question defense witnesses about other charges against Porter. Accordingly, the judgment of the Lowndes County Circuit Court is reversed, and this case is remanded for a new trial on the amended indictment.

¶10. **REVERSED AND REMANDED.**

**SULLIVAN, P.J., BANKS, McRAE AND WALLER, JJ., CONCUR. MILLS, J., SPECIALLY CONCURS WITH SEPARATE WRITTEN OPINION JOINED BY PITTMAN, P.J., AND SMITH, J.**

### MILLS, JUSTICE, SPECIALLY CONCURRING:

¶11. I specially concur in the majority opinion. Mississippi Rule of Evidence 608(b) provides for discretionary cross-examination of a witness as to matters affecting truthfulness or untruthfulness. Truthful folks do not receive stolen property, commit robbery, or intentionally trespass. I believe these offenses weigh on one's character for truthfulness. My analysis is consistent with the five-vote special concurrence of then Chief Justice Hawkins, joined by Justices Pittman, Banks, Roberts, and Smith, in *Johnston v. State*, 618 So.2d 90, 95 (Miss. 1993), which stated that, "A conviction of robbery would . . . affect a witness's credibility for truthfulness. " I would allow matters of receiving stolen property, robbery and intentional trespass to be pursued within the discretion of the trial court.

**PITTMAN, P.J., AND SMITH, J., JOIN THIS OPINION.**