CHANDLER, J.,
for the Court.
¶ 1. Audrey D. Robertson appeals the denial of her post-conviction relief (PCR) motion. She pled guilty to one count of burglary of a dwelling pursuant to Mississippi Code Annotated section 97-17-23 (Rev.2006), and was sentenced to serve fifteen years in the custody of the Mississippi Department of Corrections, with five years of post-release supervision, a fine of $1,000, and restitution of $189.67. Aggrieved, Robertson claims she was convicted pursuant to an improper indictment and an involuntary guilty plea.
¶ 2. Finding no error, we affirm.
FACTS
¶ 3. Robertson was indicted in July 2005 for one count of burglary of a dwelling, one count of credit card fraud and two counts of uttering forgery. The charges stemmed from Robertson breaking into an elderly woman’s home in Oktibbeha County, Mississippi and stealing the woman’s personal belongings. Robertson attempted to purchase gas and other items using the woman’s credit cards and also wrote forged checks on the woman’s account. Pursuant to a plea bargain, Robertson pled guilty to burglary of a dwelling. The other charges were retired to the file.
STANDARD OF REVIEW
¶ 4. This Court will not disturb the trial court’s findings on post-conviction relief unless they are found to be clearly erroneous. Brown v. State, 731 So.2d 595, 598(¶ 6) *598 (Miss.1999). However, where questions of law are raised, our review is de novo. Id.
LAW AND ANALYSIS
¶ 5. Robertson claims that her guilty plea was involuntary because she was not aware of being indicted for burglary of a dwelling. She asserts that she only received an indictment for credit card fraud and forgery and, therefore, she pled guilty to a crime for which she was not indicted. However, in her brief on appeal, Robertson admits to the crime, but complains that she was “tricked” into entering the house and later forging the checks.
¶ 6. A plea is considered voluntary and intelligent if “the defendant is advised about the nature of the charge against him and the consequences of the entry of the plea.” Ward v. State, 879 So.2d 452, 455(¶ 9) (Miss.Ct.App.2003) (citing Alexander v. State, 605 So.2d 1170, 1172 (Miss.1992)). The circuit court found Robertson’s claim to be meritless. In his order, the trial judge noted that all of the charges, including burglary, were contained within the same indictment and that all of the offenses were part of a related series of events. The record supports this conclusion. Further, at the plea qualification hearing, Robertson admitted to the burglary, and stated that she understood the nature of the charges against her and that her plea was given voluntarily. Therefore, we find that the record supports the lower court’s conclusion and affirm its dismissal of Robertson’s PCR motion.
¶ 7. THE JUDGMENT OF THE CIRCUIT COURT OF OKTIBBEHA COUNTY DISMISSING APPELLANT’S MOTION FOR POST-CONVICTION COLLATERAL RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO OKTIB-BEHA COUNTY.
KING, C.J., LEE AND MYERS, P.JJ., IRVING, GRIFFIS, BARNES, ISHEE, ROBERTS AND CARLTON, JJ., CONCUR.