ISHEE, J.,
 

 for the Court.
 

 ¶ 1. In November 2006, Atiba Parker was convicted of two counts of the sale of cocaine and sentenced to serve twenty years on Count I and fourteen years on Count II, to run consecutively, in the custody of the Mississippi Department of Corrections.
 

 ¶ 2. Aggrieved, Parker now appeals that: (1) the circuit court erred in refusing to sever Counts I and II of his indictment; (2) the circuit court erred in refusing to grant a continuance; (3) the circuit court erred in refusing to grant one of his peremptory challenges during jury selection; (4) the circuit court erred in refusing to grant a mistrial; and (5) his sentence constitutes cruel and unusual punishment under the Eighth Amendment given his mental condition.
 

 ¶ 3. Finding no error, we affirm the judgment of the circuit court.
 

 FACTS AND PROCEDURAL HISTORY
 

 ¶ 4. Parker was arrested and charged with three separate counts of selling cocaine after being videotaped selling the drugs to a police informant on three separate occasions. The first sale took place several days before the second. The third sale happened the day after the second
 
 *461
 
 and was arranged during the second sale. Parker subsequently moved to have all of the counts severed for trial purposes. The circuit court granted Parker’s motion to sever with respect to the first sale, but allowed the State to proceed to trial jointly on the other two sales.
 

 ¶ 5. During jury selection, after defense counsel struck four white jurors in a row, the State made an objection to several of defense counsel’s proposed peremptory challenges, arguing that they were racially motivated and, therefore, unconstitutional under
 
 Batson.
 
 These proposed challenges included Juror No. 32, a seventy-nine-year-old white male and retired member of the United States Navy. The circuit court requested race-neutral reasons for defense counsel’s peremptory challenges. The race-neutral reasons provided by counsel for Parker for striking prospective Juror No. 32 were that he was a retired member of the United States military and that he had recently served on a civil jury. The circuit judge subsequently prevented Parker’s counsel from using a remaining peremptory challenge on Juror No. 32; however, the court’s ruling was not based on the proffered reasons that he was retired military personnel or that he had recently served on another jury, but solely based on the fact that Parker’s counsel had failed to exclude the same juror from another veni-re in a different trial earlier in the week.
 

 ¶ 6. After a two-day trial in November 2006, Parker was convicted on two counts of the sale of cocaine and sentenced to twenty years on Count I and fourteen years on Count II, to be served consecutively. Parker now appeals.
 

 DISCUSSION
 

 I. The circuit court did not err in refusing to sever Counts I and II of the indictment.
 

 ¶ 7. We review a circuit court’s denial of a motion to sever multiple counts of an indictment for abuse of discretion.
 
 Rushing v. State,
 
 911 So.2d 526, 532(¶ 12) (Miss.2005). The general authority to charge and try defendants for multiple counts in the same indictment is provided by Mississippi Code Annotated section 99-7-2(1) (Rev.2007), which provides:
 

 Two (2) or more offenses which are triable in the same court may be charged in the same indictment with a separate count for each offense if: (a) the offenses are based on the same act or transaction; or (b) the offenses are based on two (2) or more acts or transactions connected together or constituting parts of a common scheme or plan.
 

 ¶ 8. Furthermore, the supreme court has established a three-part test for lower courts to use in order to determine whether a multiple-count indictment is proper. These are as follows: (1) “whether the time period between the occurrences is insignificant”; (2) “whether the evidence proving each count would be admissible to prove each of the other counts”; and (3) “whether the crimes are interwoven.”
 
 Rushing,
 
 911 So.2d at 533(¶ 14) (citing
 
 Corley v. State,
 
 584 So.2d 769, 772 (Miss.1991)).
 

 ¶ 9. Here, the circuit court noted that Counts I and II were separated by only one day, that the alleged crimes were the same, and that they involved substantially the same facts and witnesses. The trial court severed Count III of the indictment, finding it to be too remote in time to be included on the same indictment, even though it was separated from the others by only three days. Accordingly, we cannot say the circuit court abused its discretion in refusing to sever Counts I and II of the indictment. Therefore, this issue is without merit.
 

 
 *462
 
 II. The circuit court did not err in denying Parker’s motion for a continuance.
 

 ¶ 10. We will not reverse the decision of a circuit court to deny a motion for a continuance unless the denial is an abuse of discretion or results in manifest injustice.
 
 Ross v. State,
 
 954 So.2d 968, 1007(¶ 91) (Miss.2007) (citation omitted).
 

 ¶ 11. Parker argues that due to the fact that his counsel had completed a political campaign only a week prior to trial, and was involved in a proceeding in court the day before his trial began, the circuit court’s refusal to allow a continuance resulted in manifest injustice; therefore, he should be granted a new trial.
 

 ¶ 12. At the time of his trial, Parker had been under indictment for six months. Discovery had been conducted, and subpoenas had been issued. His counsel was apparently experienced in handling drug-sale cases. We find nothing in the record indicating that manifest injustice resulted from the denial of Parker’s motion for a continuance. Accordingly, we find that this issue is without merit.
 

 III. The circuit court did not err in refusing to grant one of Parker’s peremptory challenges.
 

 ¶ 13. Parker next argues that the circuit court erred in refusing to grant one of his counsel’s peremptory challenges. He points out that his attorney offered race-neutral reasons for the peremptory challenge in response to the State’s objection to the challenge on the ground that it was racially motivated and, therefore, unconstitutional under
 
 Batson v. Kentucky,
 
 476 U.S. 79, 90, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986).
 

 ¶ 14.
 
 Batson
 
 was originally intended to prevent racial discrimination in the use of peremptory challenges during jury selection by the State. The application of
 
 Batson
 
 has since been expanded in scope several times and now extends to, among other things, the use of peremptory challenges by criminal defendants.
 
 See Georgia v. McCollum,
 
 505 U.S. 42, 59, 112 S.Ct. 2348, 120 L.Ed.2d 33 (1992). To determine whether a party has improperly used a peremptory challenge to discriminate against a potential juror, the objecting party must first make a prima facie showing of discrimination that race was a criteria for the exercise of the challenge.
 
 Stewart v. State,
 
 662 So.2d 552, 557-58 (Miss.1995) (citing
 
 Batson,
 
 476 U.S. at 96-97, 106 S.Ct. 1712). The'burden then shifts to the party exercising the challenge to offer a nondiscriminatory reason for the proposed strike.
 
 Id.
 
 The trial court must then make a determination of whether the objecting party has met its burden to prove its prima facie case for discrimination, and the court must accept or reject the proponent’s proffered race-neutral reasons.
 
 Id.
 
 At this stage, “implausible or fantastic justifications may (and probably will) be found to be pretexts for purposeful discrimination.”
 
 Henley v. State,
 
 729 So.2d 232, 240(¶ 38) (Miss.1998) (quoting
 
 Purkett v. Elem,
 
 514 U.S. 765, 768, 115 S.Ct. 1769, 131 L.Ed.2d 834 (1995)).
 

 ¶ 15. In this case, the State made a sufficient prima facie showing that race was a possible criteria in the defense counsel’s exercise of peremptory challenges, including the challenge to Juror No. 32. The defense then offered alleged non-pre-textual race-neutral reasons for striking Juror No. 32, namely, that he was retired military personnel and had recently served on a civil jury. The circuit judge then found that the proffered reasons were pre-textual and sustained the State’s
 
 Batson
 
 objection.
 

 ¶ 16. As our standard of review in this case indicates,
 
 Batson
 
 determinations are highly fact intensive, based in large part on the trial court’s findings concerning the credibility of the race-neutral reasons of
 
 *463
 
 fered with respect to a specific juror. Therefore, we accord great deference to those determinations absent a clearly erroneous result. Our supreme court noted in
 
 Henley:
 

 Determination of pretext involves an analysis of factual findings which are similar to those found under step one: the extent and nature of voir dire on the grounds upon which the strike is being exercised; the relation between the reasons for the strike and the facts of the case; the demeanor of the attorney and the prospective juror; and, disparate impact upon a minority or gender class.
 

 Henley,
 
 729 So.2d at 240(¶39) (footnotes omitted).
 

 ¶ 17. Here, very little voir dire was conducted with respect to Juror No. 32. The record indicates that Juror No. 32 did not respond to any questions asked during voir dire. However, the record also indicates that both parties made use of knowledge that had been gleaned from a previous voir dire proceeding earlier in the week that examined the same venire, and over which the same circuit judge presided. More importantly, the demeanor of the defense attorney with respect to that previous voir dire proceeding and the one at issue here is telling. The defense attorney, when questioned by the circuit judge, first represented to the court that the reason Juror No. 32 was not struck during the previous proceeding was due to the fact that she ran out of challenges. The circuit judge disputed the truthfulness of the representation by defense counsel, and defense counsel responded that she was merely “kidding” and that she was saying it “as a joke.”
 

 ¶ 18. Faced with this situation, we cannot say that the circuit judge committed error in finding that the reasons proffered by the defense attorney were merely pre-textual under
 
 Batson.
 
 Accordingly, we find that this issue is without merit.
 

 IV. The circuit court did not err in refusing to grant a mistrial.
 

 ¶ 19. Parker argues that the circuit court erred in denying his motion for a mistrial. That motion arose from a question asked by the prosecution of a defense character witness on cross-examination, in which the prosecutor mentioned previous narcotics charges against Parker. After defense counsel objected, the jury was sent home, and the circuit judge asked for arguments on the subject the next morning.
 

 ¶ 20. The next day, both sides made their arguments on the issue. The circuit judge found that the prosecutor improperly asked the question about the previous narcotics charges against Parker and that the prosecutor should have first asked for a balancing test to be conducted outside the presence of the jury under
 
 Porter v. State,
 
 735 So.2d 987, 989(¶ 5) (Miss.1999). Parker’s counsel then made a motion for a mistrial. The circuit judge denied the motion, but the judge did instruct the jury to disregard the improper question. All jurors indicated that they could follow the instruction to disregard.
 

 ¶ 21. In all cases, “[t]he judge is provided considerable discretion to determine whether the remark is so prejudicial that a mistrial should be declared.”
 
 Carpenter v. State,
 
 910 So.2d 528, 534(¶23) (Miss.2005) (quoting
 
 Roundtree v. State,
 
 568 So.2d 1173, 1177 (Miss.1990)). Furthermore, in the absence of any evidence to the contrary, there is a presumption that the jury followed all of the trial court’s instructions in reaching its verdict.
 
 Reid v. State,
 
 266 So.2d 21, 28 (Miss.1972).
 

 ¶ 22. In this case, the prosecutor mistakenly asked an improper question. The circuit judge asked for arguments on the issue, correctly identified the error, and took appropriate remedial steps. Those steps included: instructing the jury to dis
 
 *464
 
 regard the content of the improper question and asking each juror to affirm that he or she could do so. There is no evidence to indicate that the jurors failed to heed the circuit judge’s instruction. Therefore, we cannot say that the circuit judge abused his discretion in failing to grant Parker’s motion for a mistrial. Accordingly, this issue is without merit.
 

 Y. Parker’s sentence is not cruel and unusual under the Eighth Amendment.
 

 ¶ 23. Parker argues that his consecutive sentences of twenty years and fourteen years, totaling thirty-four years, constitute cruel and unusual punishment under the Eighth Amendment to the United States Constitution. Parker concedes that his sentence is within the limits permitted by statute in this state; instead, he makes what amounts to be a policy argument, citing the small amount of drugs involved in his crimes and his relatively young age of twenty-nine.
 

 ¶ 24. Generally, sentencing is within the complete discretion of the trial court and not subject to appellate review if it is within the limits prescribed by statute.
 
 Hoops v. State,
 
 681 So.2d 521, 537-38 (Miss.1996). Our supreme court has held, however, that a sentence which is “grossly disproportionate” to the crime committed is subject to attack on Eighth Amendment grounds.
 
 Id.
 
 at 538.
 

 ¶ 25. Parker, however, offers no eases supporting his argument that consecutive sentences for serious drug offenses that fall within the statutory limits are “grossly disproportionate.” Therefore, we cannot say that the circuit judge abused his discretion or violated Parker’s constitutional right to be free from cruel and unusual punishment when he sentenced Parker. Accordingly, we find that this issue is without merit.
 

 ¶ 26. THE JUDGMENT OF THE CIRCUIT COURT OF LOWNDES COUNTY OF CONVICTION OF COUNT I, SALE OF COCAINE, AND SENTENCE OF TWENTY YEARS, AND COUNT II, SALE OF COCAINE, AND SENTENCE OF FOURTEEN YEARS TO RUN CONSECUTIVELY TO THE SENTENCE IN COUNT I, ALL IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS, AND A FINE OF $10,000, IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO LOWNDES COUNTY.
 

 KING, C.J., LEE AND MYERS, P.JJ., CHANDLER, GRIFFIS, BARNES, ROBERTS AND CARLTON, JJ, CONCUR.
 

 IRVING, J., CONCURS IN PART AND IN THE RESULT.