GREENLEE, J„
FOR THE COURT:
¶1. This is an appeal from Lowndes County Circuit Court where Atiba Parker moved for post-conviction collateral relief (PCR) from his 2009 felony conviction of possession of less than one-tenth of one gram of cocaine and sentence as a habitual offender and subsequent drug offender to eight years’ imprisonment in the custody of the Mississippi Department of Corrections (MDOC). The circuit court dismissed Parker’s motion because it was time-barred and his sentence was not illegal. On appeal, Parker asserts that his motion is exempt from the time-bar, that his guilty plea was not knowing and intelligent, that his indictment was improperly amended, that his sentence was illegal, and that his counsel’s assistance was ineffective. Because his motion is time-barred, his guilty plea was knowingly and intelligently made, his indictment was properly amended, his sentence was legal, and the assistance of his counsel was not ineffective, we affirm.
FACTS AND PROCEDURAL BACKGROUND
¶2. On August 15, 2006, Parker was indicted for possession of less than one-tenth of one gram of cocaine, in violation of Mississippi Code Annotated section 41-29-139(c)(1)(A) (Rev. 2005). On August 25, 2009, the State filed a motion to amend the indictment to charge Parker as a subsequent drug offender and habitual offender pursuant to Mississippi Code Annotated sections 41-29-147 (Supp. 2016) .and 99-19-81 (Rev. 2015), respectively.[1] That same day, Parker filed a petition to enter a plea of guilty. In his signed petition, he stated that he understood the nature of the charge to which he wished to plead guilty, that his plea was knowing and intelligent, that he understood the rights he would waive by pleading guilty, that he knew and understood what the required sentence was for the charge, and that he was pleased with the work of his trial counsel and thought his trial counsel was acting in his best interests. Also on that same day, a plea hearing was held.
¶3. At Parker’s plea hearing, the circuit court made inquiries into his competency. The circuit-court judge asked Parker if he understood the nature of the charges against him. The circuit judge advised Par *22 ker of the constitutional rights he would be waiving by pleading guilty. Further, the judge asked Parker if he understood the nature and consequences of the plea and the minimum and maximum penalties to which he was subject upon a plea of guilty. The judge asked Parker whether he understood the State’s motion to amend his indictment. Parker stated that he understood the amendment and that he assented to it. At no time did Parker object to the amendment. At the conclusion of the hearing, the circuit court took judicial notice of Parker’s prior convictions and entered an order amending the indictment the same day. The circuit court found that Parker knowingly and voluntarily entered a plea of guilty to possession of cocaine in an amount less than one-tenth of one gram, and that he was a habitual offender and subsequent drug offender. In exchange for Parker’s plea, the State agreed to retire two additional indicted charges to the files. Because Parker was found to be a habitual and subsequent drug offender and pleaded guilty to the charge, he was sentenced under the enhancements provided in Mississippi Code Annotated sections 99-19-81 (habitual offender) and 41-29-147 (subsequent drug offender) to eight years’ imprisonment in the custody of the MDOC.
¶4. On September 21, 2013, Parker moved for PCR. In his motion and supporting memorandum, Parker argued that his motion for PCR should be exempt from the time-bar; that his guilty plea was not knowingly, voluntarily, or intelligently entered; that the trial court’s order amending his indictment was untimely and his sentence illegal; and that his trial counsel’s assistance was ineffective. On December 7, 2015, the circuit court dismissed Parker’s motion for PCR. The circuit court found that Parker’s motion was time-barred as it was filed more than three years after Parker’s conviction, and did not fall within any exemptions. Further, and notwithstanding the time-bar, the circuit court addressed the alleged illegality of Parker’s sentence and found that the claim was without merit. Parker appealed the circuit court’s dismissal of his motion for PCR to this Court.
DISCUSSION
¶5. A dismissal of a motion for PCR is reviewed for clear error; however, questions of law are reviewed de novo. Hughes v. State, 106 So.3d 836, 838 (¶ 4) (Miss. Ct. App. 2012). This court will dismiss a PCR motion unless the movant demonstrates that his claim is procedurally alive and substantially shows that he has been denied a state or federal right. Id.
¶6. On appeal, Parker asserts five claims: (1) his motion for PCR is exempt from the time-bar; (2) his guilty plea was not knowingly and intelligently made; (3) his indictment was improperly amended; (4) his sentence was illegal; and (5) his counsel’s assistance was ineffective.
I. Time-Bar
¶7. The Uniform Post-Conviction Collateral Relief Act (UPCCRA) states that, in the instance of a guilty plea, a motion for PCR shall be made within three years of the entry of the judgment of conviction. Miss. Code Ann. § 99-39-5(2) (Rev. 2015). There are three exemptions to the time-bar: (1) an intervening decision by the United States or Mississippi Supreme Court adversely affecting the outcome of a conviction or sentence; (2) new evidence, not reasonably discoverable at trial, which would have caused a different result in the conviction or sentence; or (3) either the petitioner’s sentence has expired or his parole, probation, or conditional release has been unlawfully revoked. Miss. Code Ann. § 99 — 39—5(2)(a)—(b). The only claim asserted by Parker that would be *23 exempted from the bar would be his claim of an illegal sentence, as errors effecting fundamental rights are not time-barred. Rowland v. State, 42 So.3d 503, 506 (¶ 9) (Miss. 2010). Thus, his other claims are time-barred by the three-year statute of limitations. Notwithstanding the time-bar, Parker’s claims are without merit.
II. Parker’s Guilty Plea
¶8. Rule 8.04 of the Uniform Rules of Circuit and County Court states that before a court may accept a guilty plea, the court is required to determine whether the plea is voluntarily and intelligently made and that there is a factual basis for the plea. URCCC 8.04. A plea is considered voluntary and intelligent if the defendant is advised of the nature of the charge against him and the consequences of pleading guilty. Robertson v. State, 959 So.2d 597, 598 (¶ 6) (Miss. Ct. App. 2007).
¶9. Here, the circuit court advised Parker of the nature of the charges against him, the sentence that would be required, and the consequences of the entry of his guilty plea. Further, the circuit court advised Parker of the rights he was waiving by pleading guilty and made inquiries into Parker’s understanding of those rights. Parker acknowledged verbally, and in his written petition for a plea of guilty, that he understood the nature of the charges against him, the sentence that was required, and the rights that he was waiving by pleading guilty, and that his plea was voluntarily and intelligently made. Thus, we find that Parker’s guilty plea was knowingly and intelligently made. Thus, this issue is without merit.
III. Parker’s Amended Indictment
¶10. Rule 7.09 of the Uniform Rules of Circuit and County Court states that indictments may be amended to charge a defendant as a habitual or subsequent offender, or to assert prior offenses justifying enhancement, and that an amendment will only be allowed if it would not unfairly surprise the defendant and he is afforded a fair opportunity to present a defense. URCCC 7.09. Amendments only affecting the sentencing neither affect the substance of the charges brought nor interfere with any substantive defenses available to the defendant. Berry v. State, 907 So.2d 1011, 1013 (¶ 9) (Miss. Ct. App. 2005). Here, the amendment to Parker’s indictment affected his sentencing, not the charges. Further, Parker was made aware of the substance of the amendment and Parker acknowledged that he had notice of, and understood, the proposed amendment. Thus, we find that Parker was not unfairly surprised and was afforded a fair opportunity to present a defense. Thus, this issue is without merit.
IV.Assistance of Parker’s Counsel
¶11. To prevail on an ineffective-assistance-of-eounsel claim, one must show that (1) his counsel’s performance was deficient and (2) prejudice resulted. Jackson v. State, 178 So.3d 807, 812 (¶ 19) (Miss. Ct. App. 2014) (citing Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)). “It is presumed that counsel’s representation falls within the range of reasonable professional assistance.” Id. at (¶ 20) (citing Strickland, 466 U.S. at 689, 104 S.Ct. 2052). To overcome the presumption, one must show that there is a reasonable probability that, but for counsel’s ineffectiveness, the result of the proceeding would have been different. Id.
¶12. On appeal, Parker asserts his trial counsel was ineffective because she should have conducted a pretrial investigation. He asserts that had his counsel done so, she would have discovered that Parker *24 was being sentenced for a felony rather than a misdemeanor.
¶13. Here, as noted above, Parker was indicted for a felony, not a misdemeanor. Based on our review of the record, there is nothing to suggest that Parker’s counsel failed to conduct a pretrial investigation or that his counsel’s alleged failure to do so prejudiced Parker. As indicated from the record, Parker’s trial counsel negotiated Parker’s plea and, as a result of the negotiation, two other felony indictments were retired to the files in exchange for Parker’s plea. Thus, we find that Parker fails to show that his counsel’s assistance was ineffective. Thus, this issue is without merit.
V. Legality of Parker’s Sentence
¶14. “An illegal sentence is one that does not conform to the applicable penalty statute.” Shies v. State, 185 So.3d 1081, 1085-86 (¶ 13) (Miss. Ct. App. 2016) (quoting Grayer v. State, 120 So.3d 964, 969 (¶ 16) (Miss. 2013)). “[A]n accused has a fundamental right to be free from an illegal sentence.” Id. “The right to be free from an illegal sentence is a fundamental right not subject to the time-bar found in section 99-39-5(2).” Id. (quoting Hughes, 106 So.3d at 840 (¶ 10)).
¶15. At the time of Parker’s indictment, conviction, and sentence, Mississippi Code Annotated section 41-29-139(c)(1)(A) (Rev. 2005) stated that the sentence for the crime of possession of less than one-tenth of one gram of cocaine, if charged as a felony, was not less than one year nor more than four years’ imprisonment,[2] Mississippi Code Annotated section 99-19-81 mandates that habitual offenders, those convicted of three or more felonies, are to be sentenced to the maximum term of imprisonment. Mississippi Code Annotated section 41-29-147 states that any person convicted of a second or subsequent drug offense may be imprisoned for a term up to twice the term otherwise authorized, and fined up to twice the amount otherwise authorized.
¶16. Here, Parker was charged by indictment for possession of less than one-tenth of one gram of cocaine as a felony. Parker’s indictment was amended to reflect his status as a habitual offender and subsequent drug offender for sentencing purposes in the event he was convicted. Because he was convicted as a habitual and subsequent offender, the court sentenced him to the statutorily required sentence of eight years’ imprisonment. His sentence did not exceed the maximum permitted by law. Thus, this issue is without merit.
CONCLUSION
¶17. Because Parker’s claims that his guilty plea was not knowingly and intelligently made, that his indictment was improperly amended, and that his counsel’s assistance was ineffective are time-barred and are otherwise without merit, and as Parker’s claim of an illegal sentence is without merit, we affirm the circuit court’s dismissal of Parker’s motion for PCR.
1118. THE JUDGMENT OF THE CIRCUIT COURT OF LOWNDES COUNTY DISMISSING THE MOTION FOR *25 POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO LOWNDES COUNTY.
LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, CARLTON, FAIR, AND WILSON, JJ„ CONCUR. WESTBROOKS, J., NOT PARTICIPATING.

. Parker was previously convicted of two counts of sale of cocaine and sentenced to twenty and fourteen years, respectively, with the sentence of count two to run consecutively to the sentence in count one, in the custody of the MDOC. Parker was also sentenced to pay a $5,000 fine for each count. Those convictions were affirmed by this Court in Parker v. State, 5 So.3d 458, 464 (¶ 26) (Miss. Ct. App. 2008).

. Section 41-29-139 was revised in 2014, and the maximum sentence was lowered to one year. 2014 Miss. Laws ch. 457, § 37 (H.B. 585). However, as the trial court noted, this revision to the law came after Parker was sentenced, and the revision was not made retroactive. Therefore, Parker does not benefit from the revision. See Madden v. State, 186 So.3d 941, 942 (¶ 6) (Miss. Ct. App. 2016).