LEE, C.J., FOR THE COURT:
*526 FACTS AND PROCEDURAL HISTORY
¶ 1. On February 20, 2016, Michael Derriel Wilson shot Ontario Rhymes with a handgun and robbed him of $2,660. Antwone Haley admitted to assisting Wilson as an accessory before the fact, along with Sharon Demetria Wilson. The three were indicted by a Copiah County grand jury for the crimes of armed robbery, aggravated assault, and conspiracy to commit armed robbery. On July 25, 2016, Haley pleaded guilty to the aggravated-assault charge, and the circuit court sentenced him to serve six years in the custody of the Mississippi Department of Corrections. The armed-robbery and conspiracy-to-commit-armed-robbery charges were dismissed from the indictment.
¶ 2. Haley filed a motion for postconviction relief (PCR) on December 13, 2017, alleging that his plea was involuntary and that he received ineffective assistance of counsel. On December 22, 2017, the circuit court entered an order denying Haley's motion as lacking merit. Haley now appeals.
STANDARD OF REVIEW
¶ 3. "When reviewing a trial court's denial or dismissal of a PCR motion, we will only disturb the trial court's factual findings if they are clearly erroneous; however, we review the trial court's legal conclusions under a de novo standard of review." Bass v. State , 237 So.3d 172, 173 (¶ 4) (Miss. Ct. App. 2017).
DISCUSSION
I. Voluntariness of Guilty Plea
¶ 4. In his pro se appellate brief, Haley argues that his guilty plea was involuntary, alleging that he was "coerced" and claiming he was told by detectives and his attorney that he would receive a three-year sentence if he pleaded guilty. In the order denying Haley's PCR motion, the circuit judge, being the same as the sentencing judge, found that Haley was "fully apprised of the nature of the charges against him and all the facts and circumstances surrounding said charges" and "did knowingly, voluntarily and intelligently waive his constitutional rights and freely and voluntarily enter a plea of guilty to Aggravated Assault."
¶ 5. "A plea is considered voluntary and intelligent if the defendant is advised of the nature of the charge against him and the consequences of pleading guilty." Parker v. State , 208 So.3d 19, 23 (¶ 8) (Miss. Ct. App. 2017).
¶ 6. In his signed guilty-plea petition, Haley affirmed that he understood the nature of the charge to which he was pleading guilty-aggravated assault; his plea was freely and voluntarily entered; he possessed a full understanding of the indictment against him; and he understood the constitutional rights he would waive by pleading guilty. Haley's plea petition also stated that he understood the minimum sentence was three years and the maximum sentence was twenty years. As reflected in the signed petition, Haley understood that the district attorney would recommend six years to serve, but also that "[n]either [his] attorney nor any other person has represented to [him] that [he] will receive any particular sentence if [he] plea[ded] guilty. The final decision as to the sentence rests with the Court."
¶ 7. Similarly, during his plea colloquy prior to sentencing, Haley affirmed before the circuit court that the facts stated in his petition were true; he understood the constitutional rights he was waiving by pleading guilty; he fully understood the nature of the offense to which he was pleading *527 guilty; his lawyer had explained the minimum and maximum sentences possible under the crime, the elements the state must prove, and any possible defenses; and he was satisfied with the advice, help, and assistance from his lawyer. Haley denied that he was influenced or promised anything in exchange for his guilty plea or that he was threatened, forced, or intimidated into pleading guilty. Haley verbally affirmed that the decision to plead guilty was his own, and also acknowledged that he understood that the circuit court was not bound by any type of plea bargain agreement that may have occurred between his lawyer and the district attorney.
¶ 8. We find that Haley's guilty plea was knowingly, intelligently, and voluntarily made. This issue is without merit.
II. Ineffective Assistance of Counsel
¶ 9. Haley alleges he received ineffective assistance of counsel, claiming his counsel failed to disclose or advise him regarding plea discussions.
¶ 10. "[A] voluntary guilty plea waives claims of ineffective assistance of counsel, except insofar as the alleged ineffectiveness relates to the voluntariness of the giving of the guilty plea." Bolton v. State , 243 So.3d 796, 803 (¶ 30) (Miss. Ct. App. 2018). "When a defendant pleads guilty, and later asserts ineffective assistance of counsel, he must demonstrate that his counsel's conduct proximately resulted in the guilty plea, and that but for counsel's errors, he would not have entered the plea." Fortenberry v. State , 151 So.3d 222, 225 (¶ 11) (Miss. Ct. App. 2014).
¶ 11. Here, Haley has failed to demonstrate or even specifically allege what, if any, information or advice he failed to receive from his counsel regarding plea discussions. Rather, Haley's plea petition and plea colloquy reflect that his counsel disclosed all information relating to his plea, including the maximum sentence of twenty years and minimum sentence of three years. Further, Haley acknowledged in his petition that he understood that the district attorney was going to recommend six years to serve-which is the sentence he received. This issue is without merit.
III. Entrapment Claim
¶ 12. Haley also claims he has an entrapment defense. He attached an affidavit from his co-indictee, Michael Wilson, to support this claim. Wilson's affidavit claims that police coerced him into framing Haley as his accomplice on the aggravated-assault charge and that he was approached by detectives and told he would be given a lighter sentence if he implicated Haley.
¶ 13. We first note that Haley misunderstands the affirmative defense of entrapment. "Entrapment is an affirmative defense which must be proved by the defendant ...." Hale v. State , 191 So.3d 719, 726 (¶ 17) (Miss. 2016). "Entrapment occurs when an individual acts to induce or lead another person to commit a crime not originally envisioned by that person for the purposes of trapping that person for the offense committed." Beal v. State , 86 So.3d 887, 895 (¶ 21) (Miss. 2012). Here, Haley does not claim that police induced him or led him to commit aggravated assault upon the victim. And Wilson's affidavit does not make such a claim either. Rather, Haley argues that Wilson was coerced or induced by police into implicating Haley and that this constitutes entrapment. But it does not.
¶ 14. Finally, notwithstanding the fact that what Haley alleges as entrapment is not, any such claim for entrapment is waived. "It has long been held that the entrance of a voluntary guilty plea waives any defense a movant may have had to a charge, including the defense of entrapment."
*528 Diggs v. State , 192 So.3d 1129, 1132 (¶ 10) (Miss. Ct. App. 2016). This issue is without merit.
¶ 15. The circuit court's order denying Haley's PCR motion is affirmed.
¶ 16. AFFIRMED.
IRVING AND GRIFFIS, P.JJ., BARNES, CARLTON, FAIR, WILSON, GREENLEE, WESTBROOKS AND TINDELL, JJ., CONCUR.