# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2019-CP-01317-SCT

*ATIBA PARKER*

*v.*

*JERWORSKI MALLETT AND KAREN ROBINSON*

| | |
|---|---|
| DATE OF JUDGMENT: | 07/29/2019 |
| TRIAL JUDGE: | HON. JOHN HUEY EMFINGER |
| TRIAL COURT ATTORNEY: | DARRELL CLAYTON BAUGHN |
| COURT FROM WHICH APPEALED: | RANKIN COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | ATIBA PARKER (PRO SE) |
| ATTORNEY FOR APPELLEES: | OFFICE OF THE ATTORNEY GENERAL BY: DARRELL CLAYTON BAUGHN |
| NATURE OF THE CASE: | CIVIL - OTHER |
| DISPOSITION: | AFFIRMED - 07/23/2020 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE KING, P.J., MAXWELL AND GRIFFIS, JJ.**

**MAXWELL, JUSTICE, FOR THE COURT:**

¶1.     After two felony convictions and consecutive sentences for selling cocaine, Atiba

Parker later pled guilty to a third felony—this time cocaine possession.  The judge sentenced

Parker as a subsequent offender to eight years on the possession charge.[1]  And he ordered the

sentence be served consecutive to Parker's two cocaine sale convictions.  Based on the two

---

[1] Miss. Code Ann. § 41-29-147 (Rev. 2005).

drug dealing convictions, the judge also sentenced Parker as a habitual offender.[2]

¶2.    After serving a quarter of each of his first two felony sentences, Parker asked the Mississippi Department of Corrections for a parole date on his cocaine possession sentence. MDOC determined Parker was parole eligible on the two cocaine sale sentences. But because Parker had been sentenced as a habitual offender on his cocaine possession charge—and had not yet completed his mandatory eight year possession sentence—he was ineligible for parole. So no parole date was set on his cocaine possession conviction. After exhausting MDOC's Administrative Remedy Program (ARP), Parker filed a complaint in circuit court seeking judicial review. The circuit court agreed with MDOC and affirmed its parole decision. Parker has now appealed to this Court. Because time still remains on Parker's habitual offender sentence, he is statutorily prohibited from receiving parole for his cocaine possession conviction. We thus affirm MDOC's parole denial.

### Background Facts and Procedural History

¶3.    In November 2006, a jury found Parker guilty of two separate July 2005 felony cocaine sales.[3] On November 17, 2006, the trial court sentenced Parker to twenty years on one of the drug deals and a consecutive fourteen year term on the other.

¶4.    In September 2005—after Parker committed his July 2005 cocaine sales but before his November 2006 trial—Parker got caught again with cocaine. This arrest, which occurred on September 24, 2005, was for possession of less than 0.1 grams of cocaine. A grand jury

---

[2] Miss. Code Ann. § 99-19-81 (Rev. 2000).

[3] See *Parker v. State*, 5 So. 3d 458 (Miss. Ct. App. 2008).

2

indicted Parker for felony cocaine possession.[4] Based on Parker's earlier 2006 cocaine sale

convictions, the State amended Parker's cocaine possession indictment to charge subsequent

drug offender and habitual offender enhancements under Mississippi Code Sections 41-29-

147 and 99-19-81. The trial judge found Parker qualified as a subsequent drug offender.

This gave the judge discretion to double the ordinary maximum sentence.[5] The judge

exercised this discretion and sentenced Parker to eight years—two times the four year

statutory maximum. *See* Miss. Code Ann. § 41-29-139(c)(1)(A) (Rev. 2005). Because the

trial judge also found Parker qualified as a habitual offender, the mandatory eight year

---

[4] At the time of his charged crime, Mississippi Code Section 41-29-139(c)(1)(A) (Rev. 2005) provided:

> Less than one-tenth (0.1) gram or one (1) dosage unit or less may be charged as a misdemeanor or felony. If charged by indictment as a felony: by imprisonment not less than one (1) year nor more than four (4) years and a fine not more than Ten Thousand Dollars ($10,000). If charged as a misdemeanor: by imprisonment for up to one (1) year and a fine not more than One Thousand Dollars ($1,000).

[5] This discretion was found in Mississippi Code Section 41-29-147 (Rev. 2005), which stated:

> Except as otherwise provided in Section 41-29-142, any person convicted of a second or subsequent offense under this article may be imprisoned for a term up to twice the term otherwise authorized, fined an amount up to twice that otherwise authorized, or both.

> For purposes of this section, an offense is considered a second or subsequent offense, if, prior to his conviction of the offense, the offender has at any time been convicted under this article or under any statute of the United States or of any state relating to narcotic drugs, marihuana, depressant, stimulant, or hallucinogenic drugs.

sentence could not be reduced or suspended.[6]  Nor could Parker receive parole for that sentence, which was to run "consecutive to any other sentence" he was serving.

¶5.     On October 31, 2017, the parole board notified Parker he was eligible for parole on his two 2006 cocaine sale charges.  This led Parker to seek a parole date.  But Parker had not yet served his remaining eight year, mandatory habitual offender drug possession sentence. MDOC official Jerworski Mallett's first step response to Parker explained that because this eight year sentence remained, he was not parole eligible on the cocaine possession conviction.[7]  Parker wanted MDOC to take another look.  So he requested a supervisor review his file and time sheets.  Supervisor Karen Robinson carried out that review.  And in her second step response, she too found Parker still must serve his habitual offender based mandatory eight year sentence.  Parker, pro se and in forma pauperis (IFP), filed a complaint on January 17, 2019, in the Rankin County Circuit Court, suing Mallett and Robinson.

¶6.     In his complaint, Parker argued MDOC wrongly denied him a parole date for his eight year sentence.  He asserted he is not a subsequent drug offender under Section 41-29-147.

---

[6] The applicable habitual offender statute to Parker, Miss. Code Ann. § 99-19-81 (Rev. 2000), stated:

> Every person convicted in this state of a felony who shall have been convicted twice previously of any felony or federal crime upon charges separately brought and arising out of separate incidents at different times and who shall have been sentenced to separate terms of one (1) year or more in any state and/or federal penal institution, whether in this state or elsewhere, shall be sentenced to the maximum term of imprisonment prescribed for such felony, and such sentence shall not be reduced or suspended nor shall such person be eligible for parole or probation.

[7] In its brief, MDOC insists that Mallett merely delivered the first step response, but another MDOC official reviewed Parker's file and time sheets.

4

And he claimed he was not properly charged as a Section 99-19-81 habitual offender. The trial court disagreed. The judge found MDOC's decision was within MDOC's authority and supported by substantial evidence. It was neither arbitrary nor capricious, and did not violate Parker's statutory or constitutional rights. The judge affirmed MDOC's decision to deny Parker a parole date. Parker now appeals to this Court.

## Discussion

¶7. This Court "reviews the decision of an administrative agency to determine whether the decision was supported by substantial evidence, was arbitrary or capricious, was beyond the agency's power to adopt, or was violative of a constitutional or statutory provision." *King v. Miss. Military Dep't*, 245 So. 3d 404, 407 (Miss. 2018) (citing *Watkins Dev., LLC v. Hosemann*, 214 So. 3d 1050, 1053 (Miss. 2017)). We review the record and the agency's findings, but do not reweigh evidence or substitute our judgment. *Miss. Comm'n on Envtl. Quality v. Chickasaw Cty. Bd. of Supervisors*, 621 So. 2d 1211, 1216 (Miss. 1993) (citing *Miss. Pub. Serv. Comm'n v. Merchs. Truck Line, Inc.*, 598 So. 2d 778, 782 (Miss. 1992)). This Court no longer grants deference to an agency's statutory interpretations. *King*, 245 So. 3d at 407-08. Instead, we review these interpretations *de novo*. *Id.*

### I. Merits of MDOC's Decision

¶8. Parker's two 2006 cocaine sale sentences are not the impediment here—nor is his subsequent offender designation. Indeed, MDOC officials explained during the ARP process that Parker is parole eligible for both of his 2006 sentences. What prevents Parker from receiving parole is his habitual offender status, which requires he serve his 2009 mandatory

5

eight year sentence—a sentence he has not yet completed.

¶9.     Parker received three consecutive sentences for felony drug convictions under Section 41-29-139. His 2006 cocaine sale sentences are straightforward—twenty and fourteen years. *See Parker v. State*, 5 So. 3d 458 (Miss. Ct. App. 2008). When convicted in 2006, Mississippi Code Section 47-7-3 required Parker to serve one quarter of each 2006 sentence and observe the penitentiary's rules to be parole eligible. Miss. Code Ann. § 47-7-3 (Supp. 2005). And he did that. Still, in years past, even though Parker had served a quarter of each sentence, his subsequent offender status under Section 41-29-147 for the 2009 cocaine possession would have precluded his parole. But recently, House Bill 387 removed this bar.

¶10.    On July 1, 2018, House Bill 387 (the Act) became law. *See* H.B. 387, Reg. Sess., 2018 Miss. Laws ch. 416, § 5. Among its other provisions, the Act amended Mississippi Code Section 47-7-3(1)(f). Before the Act, the Section stated that defendants convicted of "felonies with enhanced penalties" were not eligible for parole. Miss. Code Ann. § 47-7-3(1)(f) (Rev. 2015). But the revised statute now has an exception for penalty enhancements under Section 41-29-147. *See* Miss. Code Ann. § 47-7-3(1)(f) (Supp. 2019). The Act specifically provides that "an offender who receives an enhanced penalty under the provisions of Section 41-29-147 for such possession, shall be eligible for parole." *Id.*

¶11.    Passage of the Act—and its effect on subsequent offenders—prompted Parker to seek a parole date through the ARP process. Parker is correct that his subsequent offender status no longer precludes MDOC from setting a parole date. But what the Act did not do is remove the parole prohibition for habitual offenders. Indeed, at the very beginning of

6

Section 47-7-3, it states "[n]o prisoner convicted as a confirmed and habitual criminal under the provisions of Section[] 99-19-81 . . . shall be eligible for parole." Miss. Code Ann. § 47-7-3(1)(a) (Supp. 2019). The Act did not change this. And Section 99-19-81 still makes clear that habitual offenders must serve their sentence without possibility of suspension, reduction, parole, or probation. *See* Miss. Code Ann. § 99-19-81 (Supp. 2019). Because Parker was sentenced as a habitual offender and has not yet completed his 2009 mandatory eight year cocaine possession sentence, MDOC properly denied him a parole date.

## II.    Other Claims

¶12.    Parker also throws in several postconviction relief type attacks. He aims at his indictment, the enhancements, and the legality of his mandatory eight year sentence. But Parker has previously raised similar claims in a postconviction relief petition, which the Court of Appeals found time barred and without merit.[8] *See **Parker v. State***, 208 So. 3d 19, 23-24 (Miss. Ct. App. 2017). Parker did not petition the Court of Appeals for rehearing or seek certiorari review in this Court. Nor has he sought permission from this Court to file a subsequent postconviction relief petition in the trial court—something he must do before raising new PCR claims.

## Conclusion

¶13.    Substantial evidence supported MDOC's decision that Parker had to complete his

---

[8] On the merits, the Court of Appeals held: (1) Parker's guilty plea was knowingly and voluntarily made; (2) the amended indictment's enhancements did not unfairly surprise the defendant nor preclude any defense; (3) his counsel was not ineffective; and (4) Parker's eight year mandatory sentence was permissible because he was both a subsequent drug offender *and* a habitual offender. ***Parker v. State***, 208 So. 3d 19, 23-24 (Miss. Ct. App. 2017).

eight year mandatory sentence before becoming parole eligible on his cocaine possession conviction. The decision was not arbitrary or capricious, nor violative of Parker's constitutional or statutory rights. We affirm.

¶14.    **AFFIRMED.**

**RANDOLPH, C.J., KITCHENS AND KING, P.JJ., COLEMAN, BEAM, CHAMBERLIN, ISHEE AND GRIFFIS, JJ., CONCUR.**